PETRONILA ORTIZ SERRANO, demandante y recurrida, *v.* RICARDO ORTIZ DÍAZ, demandado y peticionario.

*Número:* O-77-283        *Resuelto:* 28 de octubre de 1977

446

*Meléndez Vela* y *Davison Lampón,* abogados del peticionario; la recurrida no compareció.

El Juez Asociado Señor Irizarry Yunqué emitió la opinión del Tribunal.

Petronila Ortiz Serrano demandó a Ricardo Ortiz Díaz, aquí recurrente, para obtener el deslinde entre dos fincas que antes formaron un solo fundo indiviso perteneciente a ambos. El demandado compareció en autos y contestó la demanda para oponerse.

Mediante escrito fechado el 8 de febrero de 1977, fecha para la cual se había señalado una conferencia con antelación al juicio, la abogada del demandado, Lcda. Alma Delgado, solicitó del tribunal de instancia que le permitiera renunciar su representación debido a encontrarse enferma. El tribunal se negó a ello mediante resolución del 10 de febrero. Señalado el caso para juicio para el 28 de marzo, comparecieron la demandante y su abogado. No compareció el demandado. Lo hizo la Lcda. Delgado para informar que continuaba enferma, a lo que dispuso el tribunal relevándola de representar al demandado. Procedió a celebrar el juicio en ausencia de éste. No surgen de autos las razones por las que el demandado no estaba presente. El tribunal dictó sentencia a favor de la demandante, en que hizo constar:

"El día 4 de marzo de 1977 se señaló y se notificó a las partes la vista en su fondo del caso para el día 28 de marzo de 1977. Llamado el caso para vista en ese día compareció la parte demandante personalmente y asistida de su abogado, Lcdo. Carmelo L. Marcucci, la parte demandada no compareció personalmente. Con anterioridad a este incidente la Lcda. Alma Delgado compareció el mismo día al Tribunal y solicitó fuera relevada de toda responsabilidad profesional indicando ella que el demandado en forma alguna se había comunicado con ella. Ante esta situación, el Tribunal entendió que el demandado no tenía interés de clase alguna por lo que procedió a la vista del caso en sus méritos."

Representado por sus actuales abogados, el demandado solicitó relevo del efecto de la sentencia al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil.(¹) El tri-

---

(¹) La Regla 49.2 dispone:
"49.2 Errores, inadvertencia, sorpresa, negligencia excusable, descubri-

bunal denegó de plano la solicitud sin celebrar vista, y el demandado ha recurrido en solicitud de *certiorari* para que revisemos tal resolución. Sostiene ante nos que la celebración de una vista, una vez se invocó la Regla 49.2, era mandatoria. Cita *Constructora del Oeste* v. *Tribunal Superior*, 97 D.P.R.

---

miento de nueva prueba, fraude, etc.

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación de una sentencia, el tribunal apelado no podrá conceder ningún remedio bajo esta Regla 49.2, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso."

785 (1969) y *Pérez Rodríguez* v. *Tribunal Superior*, 100 D.P.R. 182 (1971).

■ Debemos revocar, según lo intimamos en resolución de 4 de agosto en que concedimos a la recurrida 15 días para mostrar causa. La recurrida no ha respondido a dicho requerimiento. Precisa, además, que pongamos en claro que la celebración de una vista siempre que se invoque la Regla 49.2 no es necesariamente obligatoria.

■ La Regla 49.2 provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Nada es más frustrante para el logro de ese propósito que negar a una parte su día en corte. No obstante, esta Regla "no es [una] llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada." *Ríos* v. *Tribunal Superior*, 102 D.P.R. 793, 794 (1974). La norma que permea todo el ordenamiento procesal es garantizar "una solución justa, rápida y económica de todo procedimiento." Regla 1 de Procedimiento Civil. Requerir la celebración de una vista en todos los casos, especialmente si de la faz de la moción es evidente su carencia de méritos, sería obligar a un ejercicio inútil en contravención de esos principios.

■ Ciertamente, en *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961), *E.L.A.* v. *Tribunal Superior*, 86 D.P.R. 692 (1962), *Constructora del Oeste* v. *Tribunal Superior*, supra, y *Pérez Rodríguez* v. *Tribunal Superior*, supra, dijimos que al invocarse la Regla 49.2 debía celebrarse una vista, pero en cada uno de esos casos las circunstancias así lo exigían pues para sustanciar lo alegado en la moción era necesario presentar prueba. Siempre que ésa sea la situación, es decir, que se invoquen razones válidas que requieran la presentación de prueba para sustanciarlas, la celebración de una vista será mandatoria. Los citados casos deben interpretarse en el marco de sus hechos. No tienen el alcance de requerir la

celebración de vista indiscriminadamente siempre que se invoque la Regla 49.2.

■ Aplicando estas normas al caso ante nos concluimos que el tribunal de instancia debió dar audiencia al demandado y oírlo. No surge de los autos ante nos que él tuviera conocimiento del señalamiento para el 28 de marzo. Tampoco está claro si él contaba o no con la representación de la Lcda. Alma Delgado pues mientras por una parte surge de su moción de renuncia de representación que fue notificada al demandado, no se desprende del expediente que se le notificara la negativa del tribunal a aceptarla. La renuncia, aceptada luego el mismo día señalado para juicio, en ausencia del demandado y sin su conocimiento no debe militar en su contra. No hallamos base para la conclusión del tribunal de "que el demandado no tenía interés de clase alguna" en el litigio. Todo ello debió dilucidarse en una vista para entonces determinar si procedía dejar sin efecto la sentencia o si se justificaba la sanción impuesta o cualquier otra.

*Se expedirá el auto solicitado y se ordenará la celebración de una vista ante el tribunal de instancia para ulteriores procedimientos consistentes con lo aquí expresado.*

El Juez Asociado Señor Rigau no intervino.