# 96 DTA 42

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

MARIA E. VEGA GONZALEZ Y JAIME JIMENEZ PEREZ
Demandantes-Recurridos

v.

F.W. WOOLWORTH COMPANY, INC. Y OTROS
Demandados-Recurridos

Núm. KLCE-95-00957

San Juan, Puerto Rico, a 13 de marzo de 1996

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Aponte Jiménez, Juez Ponente

K G V
7 4
A2195
V. 2

## TEXTO COMPLETO DE LA SENTENCIA

Ante el Tribunal de Primera Instancia, Sala Superior de San Juan los demandantes-recurrentes presentaron demanda contra la demandada-recurrida, F.W. Woolworth Company, Inc. Reclamaron daños y perjuicios como

resultado de una caída que sufrió la co-demandada, María E. Vega González en una de las tiendas Woolworth. Después de celebrada la conferencia con antelación a juicio, y señalada fecha para la vista del caso, los abogados que representan a las partes suscribieron una estipulación con el propósito de finalizar el litigio. Considerada la estipulación el foro recurrido la aprobó. Dictó sentencia el 25 de septiembre de 1996. Conforme a los términos de la transacción la parte demandada-recurrida (Woolworth) se obligó a satisfacer a los demandantes-peticionarios la suma de dieciocho mil dólares ($18,000) por los daños reclamados en la demanda. Ambas partes convinieron, además, que la sentencia dictada aprobando la estipulación sometida, tuviese carácter de final y firme desde el momento que se dictase.

La sentencia emitida aprobando la estipulación se emitió el 25 de septiembre de 1996. El 27 de ese mismo mes y año se notificó.

Con fecha de 28 de septiembre de 1996, el Lic. Vicente Santori Coll, abogado de Woolworth, compareció ante el foro recurrido. Solicitó que se dejase sin efecto la estipulación que produjo la transacción. Alegó que hubo un *"mal entendido"* con su cliente, la demandada-recurrida, F.W. Woolworth, Inc. Erróneamente entendió que estaba autorizado para transigir el pleito cuando lo correcto era que la persona encargada de autorizar la transacción no estaba de acuerdo con ello y negaba responsabilidad por los hechos alegados en la demanda. Solicitó que se continuaran con los procedimientos en el caso y se mantuviese la fecha de juicio señalada. Posteriormente, el 2 de octubre de 1996, compareció nuevamente. Añadió que había recibido copia de la sentencia emitida. Que a tenor y de conformidad con lo expuesto en su anterior moción, estaba solicitando que se dejase sin efecto la sentencia emitida por los mismos fundamentos.

Los demandantes-peticionarios se opusieron. Argumentaron que la transacción fue el resultado de una estipulación negociada de la cual Woolworth se estaba retractando por un capricho de los abogados de dicha parte en Estados Unidos.

Luego de sendas comparecencias escritas de las partes en apoyo de sus respectivas posiciones, el tribunal recurrido emitió resolución. Dejó sin efecto la transacción y la sentencia aprobándola. Oportunamente los peticionarios solicitaron reconsideración. Adujeron que antes de dejar sin efecto la sentencia emitida, por acuerdo de las partes se convirtió en final y firme una vez emitida, el tribunal debió celebrar una vista evidenciaria a los fines de recibir prueba sobre lo alegado por el Lic. Santori Coll y resolver la controversia. Insistió que al Woolworth retractarse de la transacción obedeció a una conducta arbitraria y caprichosa de su parte por recomendación de sus abogados en Estados Unidos. Atacó la tesis del Lic. Santori Coll en cuanto a que todo se debió a un mal entendido. Se ratificó en que la transacción no fue producto de la improvisación de los abogados que intervinieron en ella, sino de una negociación que tomó varios meses. El foro recurrido se reafirmó. Declaró sin lugar la reconsideración presentada.

No conforme, acuden ante nos los demandantes-peticionarios. Solicitan que revoquemos la resolución recurrida y dejemos en pleno efecto y vigor la sentencia emitida. En la alternativa solicitan que dejemos sin efecto el dictamen recurrido y devolvamos el caso al foro de instancia para la celebración de una vista sobre la solicitud de Woolworth.

Atendido el recurso emitimos orden dirigida a Woolworth. Le intimamos para que mostrara causa por la cual no deberíamos revocar la resolución que dejó sin efecto la sentencia emitida y ordenar en su lugar al tribunal de instancia celebrar una vista evidenciaria, con el propósito de adjudicar si las razones invocadas por Woolworth para que se dejase sin efecto la sentencia dictada han sido sustanciadas. La comparecencia de Woolworth en cumplimiento de nuestra orden no nos persuade. Conforme a lo intimado resolvemos.

Los hechos reseñados, sobre los cuales no existe controversia, reflejan que las partes acordaron mediante el procedimiento de una transacción extrajudicial, poner fin al litigio comenzado. Dicho procedimiento culminó con una sentencia válidamente dictada conforme a los deseos de las partes. Ciertamente, el único vehículo que disponía Woolworth para que se le relevara de la transacción acordada y la posterior sentencia dictada es a través de la Regla 49.2 de Procedimiento Civil, 31 L.P.R.A. Ap. III, R. 49.2. Ello, independientemente de que en sus escritos no la invocara. Partimos de

la base de que para poder el tribunal continuar con los procedimientos y dejar en pleno vigor y efecto la vista previamente señalada, como lo solicitó Woolworth, es fundamental dejar sin efecto lo previamente actuado. El único mecanismo disponible a los fines de seguir un ordenado procedimiento es la Regla 49.2, *supra.*

Determinado lo anterior, la norma prevaleciente en términos de la celebración de vista para adjudicar la solicitud de relevo es clara. Cuando se invocan razones válidas en solicitud de que se releve a una parte de una sentencia, orden o procedimiento que requieran la presentación de prueba para sustanciarlas, es mandatoria la celebración de una vista. *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445 (1977).

Para aplicar dicha norma a los hechos que nos ocupan es necesario revisar los hechos del caso a la luz de la figura jurídica envuelta. No debe surgir la más leve duda que estamos ante un contrato de transacción judicial. Tampoco tenemos duda de que la disposición del Código que la contempla provee el remedio que solicita Woolworth. Sobre ese particular el Art. 1716 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4828 expresamente dispone que *"[l]a transacción en que intervenga error, dolo, violencia o falsedad de documentos, está sujeta a lo dispuesto en la sec. 3404 de este título."* Dicha sección provee para la resolución de los contratos cuando media un error que invalida el consentimiento.

La doctrina relacionada con el error que invalida el consentimiento y por consiguiente permite la resolución de la transacción reconoce que el error a que se refiere dicho artículo es el error sobre el objeto o elemento sustancial de la transacción.

En el caso que nos ocupa el objetivo de la transacción judicial es la controversia entre las partes. Su finalidad es poner fin al litigio mediante concesiones recíprocas. Los fundamentos en que se basa Woolworth precisamente están relacionados con la decisión de poner fin al litigio. El Lic. Santori Coll alega que Woolworth nunca estuvo en disposición de transigir el pleito por cuanto, negaba responsabilidad. Su alegación en cuanto a la visión de Woolworth sobre el asunto es que ésta era distinta a la suya. Corresponde al tribunal entonces dirimir el conflicto que suscita las alegaciones de los demandantes-peticionarios y resolverlo con vista a los principios aplicables. Para ello tiene que determinar si efectivamente todo se debió a un error de buena fe cometido sin falta intencional. No vemos forma alguna que ello pueda lograrse ante alegaciones como las que promueven las partes en este caso sin una vista evidenciaria donde se permita a Woolworth establecer el error y a la otra parte impugnarlo. Estamos ante una situación que de probarse las razones aducidas por Woolworth podría ser de aplicación lo concerniente a la resolución del contrato de transacción por error. Para ello es menester pasar la prueba necesaria para poner al tribunal en las condiciones de resolver. Erró el foro recurrido al disponer del asunto planteado sin la celebración de una vista.

Por los motivos que anteceden se revoca la resolución recurrida que dejó sin efecto la transacción acordada y la sentencia emitida a los fines de que el tribunal de instancia proceda a celebrar una vista evidenciaria para dilucidar el conflicto suscitado y resolver conforme al derecho aplicable.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General