# 96 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I- BAYAMON

NU-VUE INDUSTRIES OF P.R.
Demandante-Recurrida

v.

BRUNO RODRIGUEZ AGUSTIN, ETC.
Demandados-Peticionarios

Núm. KLCE-96-00595

San Juan, Puerto Rico, a 5 de agosto de 1996

Panel integrado por su Presidenta, la Jueza Ramos Buonomo

y los Jueces Aponte Jimenez y Córdova Arone

Aponte Jimenez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El 3 de julio de 1996 emitimos sentencia en el presente recurso de *certiorari*. Lo desestimamos por haber sido presentado por los demandados-peticionarios luego de haber transcurrido los treinta (30) días reglamentarios que para ello se dispone, contados a partir desde que el tribunal de instancia les notificó la resolución recurrida.

Oportunamente los demandados-peticionarios solicitaron reconsideración. Con vista a lo resuelto por nuestro Tribunal Supremo el 28 de junio de 1996 en el caso de *Banco Santander, P. R. v. Fajardo Farms Corp.*, **96 J.T S. 100,** acogimos la reconsideración presentada.

Los autos ante nos reflejan los siguientes hechos: El tribunal de instancia dictó sentencia en rebeldía contra los demandados-peticionarios, Angel Bruno Figueroa y Olga Reyes Morales (los peticionarios). Les impuso el pago de $4,520.93 por concepto de mercancía comprada y no pagada; $450.00 para gastos y $750.00 para honorarios de abogado a favor de la demandante-recurrida, Nu-Vue Industries of P.R. (Nu-Vue). Dicha sentencia fue emitida el 9 de mayo de 1995. Copia de la notificación enviada a los peticionarios se archivó en autos el 9 de junio de 1995.

No surge de los autos que haya controversia en cuanto a que los peticionarios fueron emplazados personalmente. De otra parte, sí surge que en cuanto a los otros dos co-demandados, Agustín Bruno Rodríguez y Nichi Resto de Bruno, éstos fueron emplazados por edictos. Siendo esa la situación procesal en lo referente a los peticionarios, la sentencia dictada en rebeldía en su contra en relación con la demanda instada por Nu-Vue en cobro de dinero, advino final y firme el 10 de julio de 1995, o sea, transcurridos los treinta (30) días después de haberse archivado en autos copia de su notificación el 9 de junio de 1995.

El 29 de marzo de 1996, el co-demandado-peticionario, Angel Bruno Figueroa, al que luego se le unió su esposa, la co-demandada-peticionaria, Olga Reyes Morales, compareció en autos ante el tribunal de instancia. Solicitó que se decretase la nulidad de la sentencia emitida en su contra. Basó su pedido en que el tribunal actuó sin jurisdicción sobre su persona. Adujo que no fue emplazado personalmente ni por edictos y que de la declaración jurada prestada por el diligenciante del emplazamiento no surgen las circunstancias necesarias para que, conforme la jurisprudencia aplicable, se ordenara su emplazamiento por edictos. Intituló su comparecencia, *"Moción De Relevo De Sentencia Bajo La Regla 49.2 y/o Nulidad y Comparecencia Especial Solicitando Remedio."*

El foro de instancia actuó. Le concedió un término de diez (10) días a Nu-Vue para que *"repli [cara]"* en torno a la solicitud de los peticionarios. En cumplimiento de la orden dictada, ésta compareció. Se opuso a que se relevara a los peticionarios de los efectos de la sentencia dictada en su contra. Argumentó que los peticionarios fueron emplazados personalmente y no por edictos conforme aparentan éstos sostener. No objetó el procedimiento utilizado por los peticionarios consistente en presentarse una moción en el mismo caso original en lugar de instarse una acción independiente, empero haber transcurrido más de siete (7) meses después de haberse registrado la sentencia impugnada. Regla 49.2 de Procedimiento Civil. Bajo esos términos, dicha comparecencia fue interpretada en Fajardo Farms, *supra*, como una voluntaria que tornaba en innecesario emplazar a

Nu-Vue. Los peticionarios, a su vez, presentaron un escrito de réplica a la comparecencia de Nu-Vue en oposición a que se le relevara de los efectos de la sentencia dictada.

Mientras tanto, el 2 de abril de 1996, atendiendo a una solicitud del co-demandado-peticionario, Bruno Figueroa, el foro recurrido ordenó la paralización de cualquier trámite de la demandante tendiente a ejecutar la sentencia emitida mediante el embargo de bienes de los peticionarios, hasta que se resolviera la controversia.

Sin celebrar vista evidenciaria y sin expresar fundamento alguno, el tribunal de instancia declaró con lugar la moción de Nu-Vue en oposición a la solicitud de relevo de sentencia de los peticionarios. Ordenó que se continuase con el procedimiento de ejecución de sentencia. Dicha sentencia se notificó el 9 de mayo de 1996. Seis (6) días después, o sea, el 15 de mayo de 1996, los peticionarios solicitaron del tribunal que formulase determinaciones de hechos y de derecho en relación con su dictamen. Mediante resolución notificada el 23 de mayo de 1996 el tribunal *a quo* le denegó su pedido. No conforme, los peticionarios recurren ante este Foro mediante el presente recurso de *certiorari* el cual presentaron el 14 de junio de 1996.

El 3 de julio de 1996 resolvimos. Desestimamos el recurso por haberse presentado luego de haber transcurrido treinta (30) días de haberse dictado la resolución recurrida que declaró sin lugar la moción solicitando relevo de sentencia. Sostuvimos que tratándose de la revisión de una resolución declarando sin lugar una moción al amparo de la Regla 49.2 de Procedimiento Civil, no de una sentencia, el recurso apropiado para que este Foro revisase el dictamen recurrido es el de *certiorari*. Debido que, a nuestro juicio, la moción presentada ante el foro recurrido por los peticionarios solicitando determinaciones de hechos, ni las circunstancias atinentes, tuvieron el efecto interruptor que contempla la Regla 43.4 en interacción con la 51.3 (d) del mismo cuerpo de reglas aplicables a cuando se trata de una sentencia que pone fin al litigio, decidimos que el término de treinta (30) días para revisar la resolución recurrida mediante *certiorari* comenzó a decursar el 9 de mayo de 1996, fecha que se le notificó a los peticionarios la resolución impugnada. Le negamos efecto interruptor a la presentación de la moción de los peticionarios solicitando determinaciones de hechos.

Como secuela de lo resuelto en Fajardo Farms, cuya opinión publicada por Jurisprudencia del Tribunal Supremo de Puerto Rico llegó a nuestra atención el mismo 26 de julio de 1996 por los canales corrientes, aun cuando tiene fecha de 28 de junio de 1996, estamos obligados a dejar sin efecto nuestro dictamen desestimando el recurso.

Los hechos que nos ocupan son idénticos a los de Fajardo Farms. La única diferencia estriba en que en Fajardo Farms se celebró una vista evidenciaria y la resolución emitida se fundamentó. Aquí no se celebró vista evidenciaria ni se fundamentó la resolución recurrida. No obstante, el argumento que utiliza nuestro más alto Foro en apoyo de su determinación no descansa en ese criterio. A nuestro juicio, el hecho relevante en Fajardo Farms, aplicable al caso de autos por analogía, es que la solicitud de relevo de sentencia se presentó más de seis (6) meses después de haberse registrado el dictamen impugnado. En ese caso, a tenor del razonamiento utilizado por el Tribunal Supremo *"[l]a controversia sólo podía dirimirse en pleito independiente". (Enfasis suplido.) Una vez transcurrido dicho término de seis (6) meses, como ocurre en este caso, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente".*

Siendo el fallo emitido por el tribunal recurrido, bajo esas circunstancias, uno apelable por haber dispuesto de manera final la controversia levantada, i.e., si era nula la sentencia impugnada por haberse emitido sin jurisdicción sobre la persona, de conformidad con lo resuelto en Fajardo Farms debemos evaluar la moción presentada por los peticionarios como si fuese una acción independiente y el dictamen recurrido como si fuera una sentencia a los fines de aplicarle lo preceptuado en la Regla 53.1 (d) de Procedimiento Civil tocante al efecto interruptor del término para revisar el dictamen recurrido.

Lo precedentemente expuesto, nos obliga a dejar sin efecto nuestra sentencia de 3 de julio de 1996 desestimando el recurso instado por haberse presentado fuera de término. Habiéndose interrumpido dicho término por la oportuna comparecencia de los peticionarios mediante una solicitud de determinaciones de hechos, el presente recurso se presentó ante este Foro a los veintidos (22) días

después de notificarse la resolución declarando sin lugar dicha solicitud. Así visto, resulta improcedente su desestimación.

Examinado ahora el recurso en sus méritos, procede que también dejemos sin efecto la resolución emitida por el foro recurrido que declaró sin lugar la acción establecida solicitando relevo de sentencia.

La alegación formulada por los peticionarios en el sentido de que no fueron emplazados, de ser sustentada, privaba al tribunal recurrido de jurisdicción para dictar sentencia en su contra. La subsiguiente negación de Nu-Vue trabó la controversia haciendo necesaria la celebración de una vista para luego adjudicarla emitiéndose el correspondiente fallo. Tratándose, como antes dicho, de una acción independiente, el dictamen debe emitirse debidamente fundamentado cubriendo los extremos de hecho y de derecho aplicables a la controversia.

Los autos ante nos reflejan que el foro recurrido no celebró vista ni fundamentó su resolución. Aun en el caso de una moción de relevo de sentencia, la norma prevaleciente en términos de cuándo debe celebrarse una vista para resolver la solicitud de relevo, es clara. Una vez se invocan razones válidas sostenidas por hechos específicos que requieran la presentación de prueba para sustanciarlas, es procedente la celebración de una vista para adjudicar esa controversia. *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445 (1977).

Reconociendo que uno de los objetivos de la Reforma Judicial implantada por la Ley de la Judicatura de 1994 es el de acelerar el trámite de los casos y disminuir la cantidad de tiempo para disponer finalmente de éstos, estimamos que no existiendo controversia en cuanto a los procedimientos llevados a cabo ante el tribunal de instancia, a la luz de los principios expuestos, resulta innecesario discusión ulterior del asunto. Por consiguiente, se expide el auto de *certiorari* solicitado a los fines de dejar sin efecto la resolución recurrida y ordenar la devolución del caso al foro de origen para que se continúe con los procedimientos y se atienda el mismo en sus méritos de forma consistente con lo aquí resuelto.

Lo acuerda el tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General