Escribano Medina, Juez Ponente
*705 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece ante nos, Irma Calero Aguilar (en adelante la peticionaria), solicitando la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas (Hon. Ayxa Rey Díaz, J.), emitida el 16 de marzo de 2007, archivada en autos copia de su notificación el 3 de abril de 2007 en el caso US Department of Agriculture Rural Development v. Irma Calero Aguilar, et al, caso núm. ECD2006-2043.
De antemano, debemos señalar que este caso fue presentado como una apelación. Sin embargo, atenderemos el presente recurso como uno de certiorari por tratarse de un planteamiento post-sentencia.
I
El United States Department of Agriculture Rural Development (en adelante los demandantes apelados) presentaron una demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria el 17 de noviembre de 2006 contra Irma Calero Aguilar, t/c/c Erna Calero Viuda de Reyes y Celso Reyes Calero, su esposa Sonia Serrano Guzmán y la sociedad legal de gananciales compuesta por ambos.
Según surge del expediente, la parte demandada suscribió con el demandante un pagaré por la suma de $40,000.00 garantizado por una hipoteca y otro pagaré por la suma $10,000.00. Además, surge que la parte demandada apelante había incumplido con los pagos mensuales de los préstamos.
*706 De igual forma, surge del expediente que el 21 de noviembre de 2006, el emplazador José Cruz Burgo, visitó la dirección que aparecía en la demanda y observó que ésta estaba abandonada. Asimismo, según un affidávit de mérito, el emplazador habló con varios vecinos que informaron que desconocían del paradero de la demandada apelante. Además, el emplazador declaró que visitó el Cuartel de la Policía de Aguas Buenas, el Correo Federal ubicado en Aguas Buenas.
Por tal razón, la parte demandante apelada solicitó el 7 de diciembre de 2006 que el emplazamiento se realizara mediante la publicación de edicto bajo la Regla 4.5 de las Reglas de Procedimiento Civil, 32' L.P.R.A. Ap III, R. 4.5. Así, pues, el 23 de enero de 2007, los emplazamientos se notificaron por edicto en el periódico The San Juan Star. También, se notificaron los emplazamientos por correo certificado con acuse de recibo.
Posteriormente, el 16 de marzo de 2007, el Tribunal de Primera Instancia declaró “ha lugar” la demanda condenando a la paite demandada a pagar la suma adeudada incluyendo principal, intereses y gastos legales pactados en la escritura de préstamo. Así también, y a tenor con la Regla 51.3(b) de las Reglas de Procedimiento Civil, ante, el tribunal ordenó a vender la propiedad hipotecada en pública subasta.
Luego de varios trámites, el 2 de octubre de 2007, la señora Irma Calero Aguilar presentó dos (2) mociones al tribunal. Las mismas fueron declaradas “no ha lugar”. De igual forma, el 29 de octubre de 2007, el señor Celso Reyes, co-demandado, presentó una moción que, al día de hoy, no ha sido atendida por el Tribunal de Primera Instancia. La propiedad fue adjudicada en pública subasta al banco acreedor del préstamo el 1 de noviembre de 2007/
Inconforme con dicha determinación, la peticionaria presentó un escrito ante'nos, alegando los siguientes seis (6) errores:

“UNO: (1) INCIDIO [SIC] EN ERROR EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RESOLVER SOBRE LA MOCION [SIC] EN OPOSICION [SIC] Y PARA DEJAR SIN EFECTO EJECUCION [SIC] DE SENTENCIA PRESENTADA POR ESTA PARTE CUANDO LA DECISION [SIC] DE CONCEDER LA EJECUCION [SIC] DE LA HIPOTECA ERA CONTRARIA DE DERECHO [SIC] DEBIDO A LAS VIOLACIONES CRASAS DE LOS DERECHOS DE LA PARTE APELANTE AL NO SER NOTIFICADA DEBIDAMENTE DEL PROCEDIMIENTO EJECUTIVO HIPOTECARIO ORDINARIO.

DOS: (2) INCIDIO [SIC] EN ERROR CRASO Y MANIFIESTO EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERCATARSE DE QUE NO SE HABIA [SIC] OBTENIDO JURISDICCION [SIC] SOBRE LA PARTE APELANTE DEBIDO A QUE TODO EL PROCEDIMIENTO FUE CONTROLADO DESDE LA OFICINA DE LA PARTE APELADA COMO SE DESPRENDE DE LA NUMERACION [SIC] QUE SE INCLUYE EN TODOS Y CADA UNO DE LOS DOCUMENTOS FIRMADOS POR EL TRIBUNAL Y QUE SIN DUDA ALGUNA FUERON SOMETIDOS POR LA PARTE APELADA LO QUE IMPIDIO [SIC] QUE EL TRIBUNAL SE PERCATARA DE LAS ACCIONES MALAFIDE [SIC] DE LA PARTE APELADA.

TRES: (3) INCURRIO [SIC] EN ERROR PERJUDICIAL QUE AMERITA LA REVOCACION [SIC] DE LA SUBASTA Y DE LA SENTENCIA EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR QUE SE LITIGARA MEDIANTE EDICTOS TODO DEL PROCEDIMIENTO CUANDO LA PARTE APELADA CONOCIA [SIC] A CONCIENCIA QUE LAS INFORMACIONES [SIC] PROVISTAS RELATIVAS A LAS DIRECCIONES PARA NOTIFICAR A LA PARTE APELANTE FUERON ALTERADAS DE MANERA TAL QUE SE INDUJO AL TRIBUNAL A INCURRIR EN ERROR MANIFIESTO DE PLANO.

CUARTO: (4) EL TRIBUNAL A QUO FALLO [SIC] AL INCURRIR EN ERROR POR NO EVALUAR LA FALSEDAD TRANSPARENTE DE LAS DECLARACIONES JURADAS Y LA FALTA DE CONFIABILIDAD EN CUANTO A LOS DOCUMENTOS DE ENVIO [SIC] DE CORRESPONDENCIA LOS CUALES NO ERAN 
*707
REALMENTE FEHACIENTES; ERROR QUE FUE PERJUDICIAL Y QUE AMERITA LA REVOCACION [SIC] DE LA SENTENCIA Y DE LA EJECUCION [SIC] DE LA HIPOTECA.

QUNITO: (5) INCIDIO [SIC] EN ERROR SUSTANCIAL Y ESENCIAL EL TRIBUNAL DE INSTANCIA AL MANTENER EL CASO EN TRAMITE AUN [SIC] CUANDO LA NOTIFICACION [SIC] NUNCA FUE REALIZADA A LA DIRECCION [SIC] QUE CONOCIA [SIC] EL APELADO ERA LA CORRECTA TODO ELLO EN ANIMO [SIC] DE ACELERAR EL PROCEDIMIENTO Y ADJUDICARSE LA BUENA PRO EL PROPIO ACREEDOR HIPOTECARIO CONSIDERANDO QUE POR EL IRRISORIO PRECIO PARA UNA CABIDA DE 6 CUERDAS EN UN AREA [SIC] METROPOLITANA Y UNA ESTRUCTURA RESIDENCIAL DE DOS NIVELES.

SEXTO: (6) INCIDIO [SIC] EL TRIBUNAL DE PRIMERA INSTANCIA EN ERROR NO SUBSANABLE AL NO REQUERIR DE LA PARTE APELADA QUE PRESENTARA SUS RECORDS [SIC] SOBRE LA APELANTE EN CUANTO A LA CORRESPONDENCIA CON DICHA PARTE LO CUAL HUBIERE DE INMEDIATO EVIDENCIADO QUE EL TRIBUNAL FUE INDUCIDO A ERROR POR DICHA PARTE QUIENES CONOCIAN QUE CUAL [SIC] ERA LA ULTIMA [SIC] DIRECCION [SIC] DE LA APELANTE Y DIRECCION [SIC] A LA CUAL SE ESTUVO COMUNICANDO DICHA PARTE. ’’
II
La Regla 53.1, de las Reglas de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill, R. 53.1, permite, entre otras cosas, que una parte que no esté satisfecha con la determinación del Tribunal de Primera Instancia pueda presentar un recurso de revisión ante un tribunal apelativo. Claro está, “[t]odo procedimiento de apelación, certiorari y certificación se tramitará de acuerdo con la ley aplicable, estas reglas [de procedimiento civil] y las reglas que adopte el Tribunal Supremo de Puerto Rico.”
En el caso particular de un certiorari, éste “se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida.” 32 L.P.R.A. Ap. DI, R. 53.1 (e). En el caso de un recurso de apelación, éste “deberá ser presentado [...] dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.” Supra, R.53.1(c).
Pasados los treinta (30) días que menciona la Regla 53.1, supra, el único remedio disponible que tiene un litigante es la Regla 49.2, que establece un mecanismo que le permite a los tribunales suspender el efecto de una sentencia final y firme, orden o procedimiento, cuando a su juicio está presente alguna de las siguientes circunstancias: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (3) fraude; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha; y (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
El remedio de reapertura que provee la Regla 49.2, ante, se origina en la propia razón de ser de los foros judiciales: hacer justicia. Piazza v. Isla del Río, 158 D.P.R. 440 (2003). La Regla 49.2, ante, provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Claro está, aunque el remedio de reapertura existe en bien de la justicia, ello no constituye una facultad judicial absoluta. A éste se contrapone la fundamental norma de finalidad, necesaria para que haya certeza y estabilidad en los procedimientos judiciales y para que se eviten demoras innecesarias en el trámite judicial. Le toca a los tribunales, pues, establecer un balance adecuado, caso a caso, entre ambos intereses. Por esta razón, el hecho de que la Regla 49.2, supra, deba interpretarse de forma liberal, no significa que se le debe dar atención desmedida a uno de los dos intereses en balance. Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807, (1986). Aunque mediante la Regla 49.2, ante, el tribunal puede relevar o modificar los efectos de una sentencia, una resolución o una orden, ello no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada. Pardo Santos v. Sucn. Stella Royo, 145 D.P.R. 816 (1998); Piazza v. Isla del Río, Inc. et *708 als., ante; Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679 (1987); Ortiz Serrano v. Ortiz Diaz, 106 D.P.R. 445 (1978).
III
En el caso de autos, la señora Irma Calero Aguilar acudió ante nos el 30 de noviembre de 2007 con una alegación en la página 20 de su escrito, a los efectos de que adviene en conocimiento del caso por accidente histórico y que no recibió un a sola correspondencia como lo requiere la Regla 4.5 de Procedimiento Civil. La sentencia que pretende revisar fue dictada el 16 de marzo de 2007 y archivada en autos copia de su notificación el 3 de abril de 2007. O sea, desde la notificación de la sentencia hasta que se presentó este recurso pasaron más de doscientos (200) días. Por ello, el recurso de apelación dejó de estar disponible pasados los treinta (30) días contados a partir del 3 de abril de 2007. No obstante, como mencionamos anteriormente, la parte puede presentar ante el Tribunal de Primera Instancia una moción para dejar sin efecto los efectos de una sentencia, orden o resolución que haya advenido final y firme. Claro está, la parte que solicite la suspensión de efectos, deberá cumplir con lo establecido en las reglas pertinentes. De igual forma, cabe señalar que la otra parte co-demandada radicó un recurso ante el Tribunal de Primera Instancia que todavía no ha sido atendido.
IV
Por todo lo antes expuesto, se desestima el recurso por falta de jurisdicción. 4 L.P.R.A. AP. XXIII-B, Regla 83.
Notifíquese inmediatamente.
Lo acordó el Tribunal y lo certifica la señora Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones