Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| LUISA RONDÓN ACOSTA<br><br>PETICIONARIA<br><br>v.<br><br>SANTO ROSARIO POLANCO<br><br>RECURRIDO | TA2025CE00782 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2018CV03412<br><br>Sobre:<br>División de bienes gananciales |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

### I.

El 17 de noviembre de 2025, la señora Luisa Rondón Acosta (señora Rondón Acosta o peticionaria) presentó un recurso de *certiorari* en el que nos solicitó que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 10 de septiembre de 2025, notificada y archivada digitalmente en autos el mismo día.[2] Mediante dicho dictamen, el TPI concluyó que no tenía ante sí una razón que justificara dejar sin efecto la *Orden* emitida el 5 de julio de 2024. Por lo cual, declaró No Ha Lugar la *Urgentísima Moción de Relevo de Orden* presentada por la peticionaria.

El 20 de noviembre de 2025, emitimos una *Resolución* en la que le concedimos al señor Santo Rosario Polanco (señor Rosario

---

[1] Véase Orden Administrativa OATA-2021-086 del 4 de noviembre de 2021,
[2] Véase entrada núm. 436 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

Polanco o recurrido) hasta el 1 de diciembre de 2025 para exponer su posición sobre los méritos del recurso.[3]

El 24 de noviembre de 2025, la peticionaria presentó una *Urgentísima Moción en Auxilio de Jurisdicción* en la que nos solicitó que paralicemos los efectos de la *Orden* emitida por el TPI el 5 de julio de 2024.[4]

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha Lugar la solicitud de orden en auxilio de jurisdicción presentada por la peticionaria.[5]

El 1 de diciembre de 2025, el recurrido presentó una *Oposición a Recurso de Certiorari en Solicitud Revisión Judicial* en la que nos solicitó que deneguemos la petición de *certiorari*.

El 3 de diciembre de 2025, la peticionaria presentó una *Moción Urgente en Auxilio de Jurisdicción y Solicitud de Paralización* en la que, nuevamente, nos solicitó que paralicemos cualquier acto relacionado con la *Orden* emitida por el TPI el 5 de julio de 2024.[6]

Ese mismo día, emitimos una *Resolución* en la que declaramos No Ha Lugar a la solicitud de orden en auxilio de jurisdicción presentada por la peticionaria.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari*.

**II.**

El caso de marras tuvo su génesis el 5 de diciembre de 2018, cuando la señora Rondón Acosta presentó una *Demanda* sobre división de bienes gananciales en contra del señor Rosario Polanco.[7] Indicó que las partes se divorciaron el 5 de noviembre de 2018 por

---

[3] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[4] Íd., entrada núm. 3.
[5] Íd., entrada núm. 4.
[6] Íd., entrada núm. 8.
[7] Véase entrada núm. 1 en SUMAC-TPI.

la causal de ruptura irreparable y que adquirieron bienes y deudas durante el matrimonio atribuibles a la Sociedad Legal de Gananciales sobre los cuales no habían acordado la división. Por lo cual, solicitó la intervención del tribunal. El 23 de abril de 2019, la peticionaria solicitó enmendar la demanda para que se configure el bien inmueble del negocio Panadería Rica Dona como uno privativo.[8]

El 12 de agosto de 2019, el recurrido presentó una *Contestación a la Demanda Enmendada, Enmiendas a las Defensas Afirmativas y a la Reconvención.*[9]

Luego de varios trámites procesales innecesarios de pormenorizar, el 20 de agosto de 2021, el TPI emitió una *Resolución* en la que nombró al Lcdo. y CPA José Díaz Crespo, como Comisionado y Contador partidor.[10] En esta, le ordenó preparar informe con un inventario de todos los bienes pertenecientes a la sociedad legal de gananciales o comunidad entre las partes; detallar los activos y pasivos hasta ese momento y, de gastos, ganancias, manejo y administración de la Panadería Rica Dona. El informe encomendado debía contener determinaciones de hechos y conclusiones de derecho sobre lo encomendado dentro de un término de sesenta (60) días.

El 2 de mayo de 2022, el Comisionado presentó una *Moción Informativa al Tribunal en Cumplimiento de Orden* en la que indicó que se reunió con las partes para dialogar sobre los asuntos operacionales de la Panadería Rica Dona y sobre el estatus e implementación de los acuerdos alcanzados.[11] Así las cosas, hizo un resumen de los acuerdos alcanzados entre las partes, relacionados con la administración y operación del negocio.

---

[8] Íd., entrada núm. 17.
[9] Íd., entrada núm. 26.
[10] Íd., entrada núm. 189.
[11] Íd., entrada núm. 250.

El 11 de mayo de 2022, el TPI emitió una *Orden* mediante la cual aprobó los acuerdos alcanzados por las partes según desglosados por el Comisionado. [12]

Posteriormente, el 24 de enero de 2024, el TPI emitió una *Orden* para que el Comisionado evaluara la posibilidad de una adjudicación parcial de los bienes.[13] Consecuentemente, el 19 de junio de 2024, el Comisionado presentó una *Moción en cumplimiento de orden y recomendación al Tribunal sobre la solicitud de adjudicación parcial de bienes gananciales* en la que recomendó la venta y adjudicación de algunos de los bienes.[14]

El 5 de julio de 2024, notificada digitalmente el 8 de julio de 2024, el TPI emitió una *Orden* en la que acogió las recomendaciones del Comisionado y ordenó a las partes gestionar los asuntos requeridos para la venta y adjudicación de los bienes desglosados en el informe del Comisionado e informar el estado de los trámites en un término de treinta (30) días.[15]

El 26 de marzo de 2025, notificada el 27 de marzo de 2025, el TPI emitió una *Orden* en la que concedió un término de cuarenta y cinco (45) días para completar las transacciones de financiamiento de la Panadería Rica Dona.[16] Advirtió que, de no completar dicho trámite dentro el término concedido, ordenará llevarse a cabo las cesiones de los activos que no están en controversia.

El 16 de junio de 2025, la peticionaria presentó una *Solicitud de término adicional para evaluar propuesta* con relación a la adjudicación de la Panadería Rica Dona.[17] Solicitó un término para llevar a cabo una evaluación de la operación financiera del negocio.

---

[12] Íd., entrada núm. 253.
[13] Íd., entrada núm. 383.
[14] Íd., entrada núm. 397.
[15] Íd., entrada núm. 400.
[16] Íd., entrada núm. 414.
[17] Íd., entrada núm. 417.

El 17 de junio de 2025, el recurrido presentó una *Oposición a: "Solicitud de término adicional para evaluar propuesta"* en la que solicitó que el TPI declarara No Ha Lugar la solicitud de la peticionaria de un término adicional para evaluar la propuesta con relación a la Panadería Rica Dona.[18] Arguyó que se trataba de un asunto ya resuelto desde junio de 2024

Posteriormente, el 8 de julio de 2025, el TPI reiteró, mediante una *Orden*, que los trámites autorizados y ordenados para realizarse en el caso corresponden a la *Orden*, final y firme, que el foro primario emitió el 5 de julio de 2024.[19]

El 29 de julio de 2025, la peticionaria presentó una *Urgentísima Moción de relevo de Orden* en la que solicitó el relevo de la *Orden* dictada el 5 de julio de 2024 por el TPI al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, porque le resulta lesiva a sus derechos e intereses.[20] Alegó que hubo mala administración y violaciones al acuerdo de coadministración, desvío de ingresos y uso no autorizado de fondos, endeudamiento sin consentimiento e injustificado, falta de transparencia y de contabilidad formal, valoración inadecuada de las propiedades utilizadas para la Panadería Rica Dona, valoración incompleta del negocio y aumento de empleados injustificados. Por ello, solicitó que se ordenara una auditoria y una nueva valoración del negocio.

El 13 de agosto de 2025, el Comisionado presentó su posición al respecto.[21] Este recomendó llevar a cabo la liquidación parcial de los bienes, incluyendo la Panadería Rica Dona debido a que continuar su retraso pone en riesgo la continuidad y valor del negocio. Adujo que los remedios solicitados por la peticionaria

---

[18] Íd., entrada núm. 419.
[19] Íd., entrada núm. 423.
[20] Íd., entrada núm. 430.
[21] Íd., entrada núm. 432.

tienen el efecto de encarecer la operación de la panadería y comprometer los recursos económicos y flujo de efectivo del negocio.

El 10 de septiembre de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de relevo de *Orden* presentada por la peticionaria.[22] Reiteró lo dispuesto en la *Orden* emitida el 5 de julio de 2024 y sostuvo que lo que procede es la liquidación parcial de los bienes gananciales, incluyendo la Panadería Rica Dona. Concluyó que no tenia ante sí una razón que justificara dejar sin efecto la referida *Orden*. El TPI resaltó lo expresado por el Comisionado sobre que el retraso de la liquidación parcial pone en riesgo la continuidad y valor del negocio, comprometiendo los recursos económicos y flujo de efectivo del negocio.

Oportunamente, el 25 de septiembre de 2025, la peticionaria presentó una *Moción de Reconsideración.*[23] Por su parte, el 10 de octubre de 2025, el recurrido presentó su oposición.[24]

Consecuentemente, el 16 de octubre de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de Reconsideración* presentada por la peticionaria.[25]

Inconforme con la determinación del TPI, la peticionaria presentó el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

> **Erró el Tribunal al adoptar las recomendaciones de un informe del Comisionado que carece de determinaciones de hecho, conclusiones de derecho, metodología de valoración, evidencia contable y análisis jurídico, en contravención con la Regla 41.5 de Procedimiento Civil y al Debido Proceso de Ley.**

> **Erró el Tribunal al determinar que la Orden del 5 de julio de 2024 es final y firme, cuando requirió gestiones**

---

[22] Íd., entrada núm. 436.
[23] Íd., entrada núm. 437.
[24] Íd., entrada núm. 452.
[25] Íd., entrada núm. 454.

**posteriores, provocando Falta de [f]inalidad de la Orden y Error Jurisdiccional en el Cómputo de Términos.**

**Erró el Tribunal Recurrido al no considerar la presentación tardía de la cifra de valoración de participación ($128,500) en abril de 2025 en Violación al Debido Proceso y al Principio de Oportunidad Probatoria.**

**Err[ó] el Tribunal recurrido al determinar que el relevo fue radicado fuera de término, lo que constituye un error de derecho y de jurisdicción que afecta el debido proceso de ley y justifica la intervención mediante *certiorari*.**

Alegó que la Orden recurrida del 5 de julio de 2024 fue tratada como final y firme sin serlo; se basó en un informe deficiente del Comisionado que no cumple con la Regla 41.3 de Procedimiento Civil, *supra*; y que privó a la peticionaria de acceso adecuado a remedios. Adujo, además, que el TPI erró al acoger un informe del Comisionado que no cumplía con los requisitos mínimos establecidos en la Regla 41.5 de Procedimiento Civil, *supra*. Arguyó que dicho informe es inválido y no puede ser adoptado porque no contiene determinaciones de hechos, metodología de valoración, evidencia contable ni conclusiones de derecho. Asimismo, argumentó que la referida Orden emitida el 5 de julio de 2024 no era final porque instruyó al Comisionado a efectuar gestiones ulteriores. Por último, alegó que las actuaciones del foro primario demuestran que la controversia de valoración seguía abierta por lo que la Orden del 5 de julio de 2024 no podía considerarse final y firme.

Por ello, solicitó que revoquemos la determinación del TPI que declaró No Ha Lugar el relevo de la Orden del 5 de julio de 2024 y se devuelva el caso al TPI con instrucciones de celebrar una vista evidenciaría de valoración y se paralicen los efectos de la referida *Orden*.

Por su parte, el 1 de diciembre de 2025, el recurrido presentó una *Oposición a Recurso de Certiorari en Solicitud de Revisión Judicial*. En esta, alegó que el presente recurso pretende dejar sin

efecto la *Orden* del 5 de julio de 2024 y que ninguna de las partes recurrió en revisión de la determinación del TPI que acogió las recomendaciones del Comisionado y ordenó la liquidación y adjudicación parcial de los bienes gananciales. Por ello, sostuvo que no hay jurisdicción para atender ninguna controversia que pretenda atacar o modificar la *Orden* del 5 de julio de 2024 por ser una final. Además, sostuvo que en el presente caso no se encuentra ninguna de las razones para que proceda un relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1,[26] establece las instancias en las que el foro revisor posee autoridad

---

[26] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[27]

**B.**

La Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2, establece el mecanismo procesal mediante el cual una parte puede solicitarle

---

[27] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

al foro de instancia el relevo de una sentencia, siempre que se encuentre presente una de las instancias contempladas en ésta. ***García Colón et al. v. Sucn. González***, 178 DPR 527, 539 (2010); ***De Jesús Viñas v. González Lugo***, 170 DPR 499, 513 (2007); ***Náter v. Ramos***, 162 DPR 616, 624 (2004).

La citada regla es un remedio post sentencia, que tiene el propósito de impedir que "[…] tecnicismos y sofisticaciones frustren los fines de la justicia e incorpora la facultad de los tribunales para dejar sin efecto alguna sentencia u orden suya por causa justificada". ***De Jesús Viñas v. González Lugo***, supra. Véase, además, ***García Colón et al. v. Sucn. González***, supra. Al evaluar si debe concederse, el tribunal realizará un justo balance entre dos (2) intereses: por un lado, que toda litigación sea concluida y tenga finalidad y, de otra parte, que en todo caso se haga justicia. ***Náter v. Ramos***, supra.

> La Regla 49.2 de Procedimiento Civil, *supra*, dispone que:
>
> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) Error, inadvertencia, sorpresa, o negligencia excusable;
> (b) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de la parte adversa;
> (d) Nulidad de la sentencia;
> (e) La sentencia ha sido satisfecha, renunciada, o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuare en vigor; o
> (f) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> […] La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.
> […]

El peticionario tiene la obligación de justificar su solicitud al menos, en una de las razones enumeradas en la citada regla, para

que proceda el relevo de sentencia. ***García Colón et al. v. Sucn. González***, supra, pág. 540. Ahora bien, independientemente que esté presente alguna de esas razones, "[...] el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha". ***Náter v. Ramos***, supra; ***Rivera v. Algarín***, 159 DPR 482, 490 (2003).

Por último, la celebración de una vista siempre que se invoque la Regla 49.2 de Procedimiento Civil, *supra*, no es necesariamente obligatoria. ***Ortiz Serrano v. Ortiz Díaz***, 106 DPR 445, 449 (1977). Por ello, requerir la celebración de una vista en todos los casos sería un ejercicio inútil en contra de la solución justa, rápida y económica de los casos, especialmente en aquellos en los que surja de la faz de la moción que no tiene méritos. Íd.

### IV.

En el caso de marras, la peticionaria nos solicita que revoquemos la determinación del TPI que denegó el relevo de una Orden emitida el 5 de julio de 2024 y que reiteró lo dispuesto en ella sobre la venta y adjudicación de bienes gananciales y de la Panadería Rica Dona.

Mediante el recurso, alegó que el informe del Comisionado no cumplía con los requisitos que establece la Regla 41.5 de Procedimiento Civil, *supra*, y que erró el foro primario al darle un efecto dispositivo a dicho informe deficiente e incompleto. También, adujo que la *Orden* recurrida instruyó al Comisionado a hacer gestiones ulteriores y que la controversia de la valoración del negocio seguía abierta durante el 2025 por lo cual no podía considerarse final y firme. Por último, arguyó que la forma en que se adoptó el informe del Comisionado y se dio por resuelta la controversia de valoración, sin vista evidenciaria, viola las garantías del debido proceso de ley.

En cambio, el recurrido argumentó que la peticionaria pretende reabrir y relitigar un asunto que es final y firme y sobre el cual no solicitó revisión oportunamente. Arguyó que la peticionaria debió presentar las consideraciones para el relevo mediante una revisión oportuna de la Orden del 5 de julio de 2024. Por lo cual, sostuvo que no se cumplen los requisitos para el relevo al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

En el caso de marras, el TPI nombró un Comisionado, quien, luego de reunirse con las partes y promover a que estos llegaran a unos acuerdos, recomendó la adjudicación parcial de los bienes. El TPI acogió la recomendación y autorizó a las partes gestionar los asuntos requeridos para referida la venta y adjudicación mediante la *Orden* recurrida. **Un año después**, la peticionaria solicitó el relevo de dicho dictamen.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI. La determinación recurrida no arroja error alguno que amerite nuestra intervención en esta etapa de los procedimientos. Tampoco surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción.  Por el contrario, la determinación del foro primario fue esencialmente correcta en derecho.

En el caso de marras, la peticionaria pretende relitigar, tardíamente, un asunto resuelto en el 2024 sobre la venta y adjudicación de bienes pertenecientes a las partes. Si la peticionaria no estaba conforme con la determinación del TPI debió presentar un recurso apelativo de forma oportuna y no mediante un relevo de sentencia, en esta etapa de los procedimientos.

## V.

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones