Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| BENITO VÁZQUEZ RODRÍGUEZ  Apelado  v.  MARÍA VÁZQUEZ RODRÍGUEZ  Apelante | KLAN202300120 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Caso Núm.: EDP2017-0321 (704)  Sobre: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, y la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

El 13 de febrero de 2023, la señora María Vázquez Rodríguez presentó recurso de apelación.[1] Mediante su escrito nos solicita declaremos ha lugar el relevo de cierta Sentencia y a su vez, decretemos nulo el acuerdo transaccional que dio base a la sentencia que ahora impugna. Los hechos esenciales para la comprensión de la determinación que hoy tomamos se detallan a continuación.

**I**

Entre las partes de epígrafe se suscitó una controversia que generó una reclamación civil en daños y perjuicios en la cual el señor Benito Vázquez Rodríguez figuraba como parte demandante y la señora María Vázquez Rodríguez y la Funeraria la Paz de Cristo como demandados. De acuerdo con lo alegado por el apelado en su

---

[1] Aunque el recurso fue presentado como una Apelación, realmente estamos ante un recurso de Certiorari, pues se acude a este tribunal de la determinación del TPI sobre una Moción de Relevo de Sentencia. No obstante, para efectos de registro, conservará su numeración original.

escrito, en octubre de 2016, la madre de la apelante y del apelado falleció, estos son hermanos. Cuando el apelado acudió a la funeraria a darle el último adiós a su madre, la apelante le negó el acceso a dicha funeraria y le impidió ir al sepelio. Alegó que los empleados de la funeraria y la apelante llamaron a la policía, quienes lo escoltaron a marcharse del lugar sufriendo éste la humillación pública y el daño moral de no poder despedirse de su madre. Sostuvo ser atacado en su dignidad, humillado y haber experimentado un daño irreparable. Por tal evento, reclamó en daños contra la aquí apelante y la funeraria.[2]

El 1 de junio de 2022, los abogados de las partes suscribieron un acuerdo transaccional que puso fin al pleito una vez el foro lo acogió emitiendo la Sentencia del 6 de julio de 2022.

Como parte del acuerdo transaccional, la señora María Vázquez Rodríguez se comprometió a pagar a Benito Vázquez Rodriguez $10,000 en un término no mayor de 15 días posteriores a la presentación del acuerdo.[3] Por su parte la codemandada, Funeraria La Paz de Cristo, pagaría a Benito Vázquez Rodríguez $1,800 también en un término no mayor de 15 días posteriores a la presentación del acuerdo.[4] Conforme al acuerdo, todas las partes daban por satisfecha toda reclamación presentada de forma final y firme y eximían a todos los familiares, representantes, causahabientes, herederos y sucesores de toda responsabilidad en cuanto a los hechos relacionados con la demanda, contestaciones, reconvención y contestación a reconvención.[5] Mediante el acuerdo, las partes manifestaban su deseo de finalizar el asunto entre las partes de manera negociada.[6] Reconocían que el acuerdo

---

[2] Hacemos referencia a lo alegado por el apelado en su escrito como una base fáctica, toda vez que el recurso de la apelante carece de información base que permita entender el desarrollo de los eventos.
[3] Véase inciso 4 y 5 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[4] Véase inciso 6 y 7 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[5] Véase inciso 8 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[6] Véase inciso 10 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.

transaccional logrado ponía fin a todas las controversias presentadas por las partes.[7] En consideración al fiel cumplimiento de las condiciones del acuerdo, las partes se relevaron, exoneraron y descargaron mutuamente de las reclamaciones judiciales, extrajudiciales, administrativas o causas de acción que surgiesen por cualquier motivo, por razón de cualquier daño, pérdida de la propiedad o a la persona, daños morales o materiales así como daños especiales que hayan sufrido o que pudiesen en adelante surgir como consecuencia de los hechos expresados en el acuerdo y sus posteriores enmiendas o en cualquier otro procedimiento de índole extrajudicial o administrativo.[8] Además, las partes se obligaron a no testificar o de alguna otra forma envolverse entre sí en cualquier litigio ante otro foro administrativo, judicial o de cualquier otra naturaleza, por los hechos alegados en este Acuerdo.[9] Las partes dispusieron de las controversias del caso de manera final y firme.[10] Así las cosas, el Tribunal de Primera Instancia (TPI) acogió el Acuerdo Transaccional, le impartió su aprobación y dictó Sentencia de conformidad el **6 de julio de 2022.**[11]

El **3 de agosto de 2022**, la codemandada aquí apelante, señora María Vázquez Rodríguez presentó *Moción Solicitando reconsideración y que se calendarice Juicio en su Fondo.* Reconoció la firma del acuerdo transaccional y la Sentencia emitida por el foro recurrido. No obstante, alegó que, al realizar el pago acordado, las partes no se pudieron poner de acuerdo sobre lo que implicaba dicho pago. Para ella, el pago de los $10,000 implicaba el saldo al señor Benito Vázquez del pago de la estructura construida por este, según alegado por la apelante, de mala fe. Añadió que, al intentar efectuar el pago, se le advirtió al apelado que la estructura sería

---

[7] Véase inciso 3 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[8] Véase inciso 12 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[9] Véase inciso 14 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[10] Véase inciso 19 del Acuerdo transaccional, Anejo 4 del apéndice del recurso.
[11] Véase Anejo 3, apéndice del recurso.

demolida y que no se hacían responsables de los daños que pudieran sufrir algunos vehículos propiedad del apelado en las inmediaciones de la estructura. Afirmó que el apelado, Benito Vázquez, no estuvo de acuerdo, o sea, los $10,000 no implicaban el pago de la estructura. Así las cosas, la codemandada suplicó al tribunal se dejará sin efecto el acuerdo y la sentencia, toda vez que ella entendía que el pago de $10,000 representaba el pago de la estructura que también se cuestionaba en otros pleitos consolidados entre las partes, específicamente, el EAC2017-0227 y el EAC2017-0226. El **12 de septiembre de 2022,** el TPI declaró No Ha Lugar la reconsideración.

En lugar de acudir a este tribunal mediante recurso de apelación oportunamente, la apelante prefirió presentar una *Moción de Relevo de Sentencia al Amparo de la Regla 49.2 (A), (C) y (F)* el 5 de diciembre de 2022. En esta reiteró los argumentos presentados en la solicitud de reconsideración. Sostuvo que el apelado, Benito Vázquez, había cambiado el acuerdo después de las conversaciones transaccionales. En apoyo a la solicitud de relevo indicó y citamos: "procede el relevo de Sentencia, ya que esta se dictó en virtud de un acuerdo con errores, que provoca un grave perjuicio a las demandantes, quienes aceptaron un acuerdo bajo determinadas condiciones, las cuales no se están honrando. Los sucesos acontecidos luego de la Sentencia dictada son causa justificada y suficiente para que este Honorable Tribunal conceda el Relevo de Sentencia aquí solicitado."[12]

## II

### JURISDICCIÓN

La jurisdicción es la autoridad o el poder inherente conforme al cual los tribunales y funcionarios judiciales consideran y resuelven los pleitos. *Fideicomiso de Conservación de Puerto Rico y*

---

[12] Véase Anejo 5, apéndice del recurso.

*Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico,* 2023 TSPR 6; *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Gearhart v. Haskell Burress*, 87 DPR 57, 61 (1963); I. Rivera Garcia, Diccionario de términos Jurídicos, 2nda edición, New Hampshire, Equity, pág. 147. Para adjudicar un pleito, los tribunales deben asegurarse de poseer tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico,* supra; *Cobra Acquisitions, LLC. v. Mun. de Yabucoa,* 2022 TSPR 104. Este análisis por parte del foro judicial es imperativo, de primer orden. Es decir, la primera disyuntiva a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Tanto su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Y es que, en expresiones del fenecido Juez Scalia:

> "[n]othing is accomplished by trying to persuade someone who lacks the authority to do what you´re asking-whether its a hotel clerk with no discretion to adjust your Bill or a receptionist who cannot bind the company to the contract you propose. Persuasion directed to an inappropiate audicence is ineffective." A. Scalia y otros, Making your case, The Art of Persuading Judges, US, Thomson/West, pág. 3.

Y esa inefectividad que acarrea la falta de jurisdicción tiene consecuencias graves en cualquier pleito, pues: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la

jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa,* supra; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372-373 (2018).

La Ley de la Judicatura[13] le confiere jurisdicción al Tribunal de Apelaciones para atender, entre otros, los siguientes asuntos: (a) mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia; (b) mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. ... 4 LPRA 24y. El Tribunal Supremo aprobó las reglas internas que rigen los procedimientos y la organización del Tribunal de Apelaciones, las cuales tienen como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal. ...4 LPRA 24w. Los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de 30 días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. En cuanto al recurso de Certiorari para revisar resoluciones u órdenes del Tribunal de Primera Instancia, deberán presentarse dentro del término de cumplimiento estricto de 30 días contados desde la fecha de notificación de la resolución u orden recurrida. 32 LPRA 52.2 (a) y (b); 4 LPRA Ap. XXII-B, Reg. 13 (a) y Reg. 32 (d).

### MOCIÓN DE RELEVO DE SENTENCIA

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

---

[13] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada.

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. … 32 LPRA Ap. V, Reg. 49.2.

La Moción de Relevo de Sentencia integra en las reglas el objetivo principal de los tribunales y reconoce la facultad importante que estos tienen para dejar sin efecto alguna sentencia u orden suya por causa justificada.  El remedio de reapertura referido se origina en la propia razón de ser de los foros judiciales: hacer justicia. *Piazza Vélez v. Isla del Rio, Inc.,* 158 DPR 440, 448 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905–906 (1963). La Moción de Relevo proporciona un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia.  Nada es más frustrante para el logro de ese propósito que negar a una parte su día en corte.  Ahora bien, aunque se favorece su interpretación liberal, no quiere decir que "es [una] llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada". *Reyes v. E. L. A. et al.,* 155 DPR 799, 809 (2001); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

Al justipreciar una solicitud de relevo al amparo de la Regla 49.2, el tribunal tiene el deber de tomar en consideración ciertos criterios inherentes a la regla, entre éstos: si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E. L. A. et al.*, supra; *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998); *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 294 (1988).

El *Peña Lacern v. Martínez Hernández*, 2022 TSPR 105, el Tribunal Supremo de Puerto Rico mediante una opinión suscrita por el Juez Asociado Kolthoff Caraballo detalla el raciocinio dirigido a sustentar la moción de relevo. A tales efectos afirma que:

> para solicitar el relevo de sentencia bajo el motivo de error, inadvertencia, sorpresa o excusable negligencia, hay que tener en cuenta lo siguiente: [N]o es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos y causas específicas que constituyen la justificación de la omisión. Así, el promovente debe demostrar mediante preponderancia de prueba los hechos que justifican la moción. Además de la demostración de error, inadvertencia, sorpresa o negligencia excusable, también tiene que existir una defensa meritoria. Cuando se solicite el remedio reconocido bajo el inciso en discusión, le corresponde al tribunal hacer un análisis y balance racional y justiciero de todo el expediente del caso para determinar si bajo las circunstancias específicas del caso hubo error, inadvertencia o sorpresa. En cuanto al error como fundamento para la moción de relevo, éste puede ser uno de la parte promovente, de la parte adversa, o del juez, pero debe ser un error extrínseco a la sentencia u orden. Es necesario que la parte que alega la comisión del error, presente la prueba extrínseca a los autos que lo acredita. Cabe señalar que la moción de relevo de sentencia no está disponible para corregir errores de derecho ni errores de apreciación o valoración de la prueba; estos son fundamentos para reconsideración o apelación[,] pero no para el relevo.

### CERTIORARI

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una

decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.,* 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR,* 185 DPR 307, 337 (2012); *García v. Padró,* 165 DPR 324, 334 (2005). La discreción judicial es la autoridad para elegir entre diversas opciones sin enajenarnos del derecho. Los tribunales deben ejercer su discreción de forma razonable al momento de pasar juicio sobre una controversia, para así poder llegar a una condición justiciera. *IG Builders v. BBVAPR,* supra, pág. 338; *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *García v. Padró,* supra, págs. 334–335.

La discreción del foro apelativo para atender un recurso de certiorari procedente de un remedio post-sentencia se ciñe a los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III**

Como reconociéramos anteriormente, la moción de relevo de sentencia debe interpretarse de manera amplia y liberal, ahora bien, tampoco quiere decir que procede automáticamente. Además, no debe usarse en sustitución de los recursos de revisión ni de reconsideración.

Precisa comenzar nuestro análisis tomando en consideración los argumentos presentados por Vázquez Rodríguez en apoyo de su solicitud de relevo de sentencia. Esta sostiene que procede el relevo porque las partes acordaron poner fin a un pleito contencioso, en virtud de un acuerdo que luego fue incumplido por Benito Vázquez Rodríguez, demandante-apelado. Esto dejando en un estado de indefensión total a la apelante, pues es una persona de escasos recursos que no tiene el dinero para poner frente a lo que significaría tener que pagar $10,000.00. Alega que procede el relevo por los incisos a, d y f. Asevera que el acuerdo transaccional firmado por los representantes legales de las partes es nulo, pues no contenía los acuerdos discutidos con esta y a los cuales ella consintió. Es decir, el representante legal afirma que el acuerdo acogido como Sentencia es nulo porque como abogado firmó algo que no representa lo que su cliente estaba dispuesta a aceptar. Afirma que el acuerdo transaccional no fue el que después quiso hacer valer el demandante, Benito Vázquez Rodríguez. Alega que este quiso cambiar lo acordado. Finalmente, sostiene que el foro recurrido dejó desprovista a la apelante, pues tan siquiera le concedió la oportunidad de una vista para escuchar sus planteamientos.

Ciertamente, los argumentos presentados por la apelante no cumplen con el estándar de prueba que justifica el relevo de una sentencia. Meras alegaciones de error, inadvertencia, sorpresa o negligencia excusable sin especificar los hechos y causas específicas que justifican el relevo no son suficiente para derrotar la deferencia

que le debemos a la determinación del foro recurrido. Tampoco de los hechos presentados y las explicaciones brindadas tenemos certeza de los hechos, ni podemos concluir que la apelante ostenta una defensa meritoria. El apéndice del recurso es uno incompleto, carece de múltiples documentos pertinentes a la controversia. La apelante ni siquiera nos ha presentado una copia de la Demanda que nos ocupa y su correspondiente contestación, privando a este tribunal de conocer las alegaciones base de las partes. De por sí, tal conducta justifica la desestimación del recurso por incumplimiento con las disposiciones reglamentarias de este tribunal.[14] La apelante hace referencia a dos pleitos entre las partes, EAC2017-0227 y EAC2017-0226, alegadamente, relacionados al que nos ocupa y, tampoco facilita en su apéndice una copia de estos. De hecho, los argumentos presentados por la apelante en su moción de relevo son esencialmente los mismos que presentó ante el foro recurrido oportunamente mediante Moción de Reconsideración y que fueron rechazados por el foro primario. En vez de presentar una apelación de dicha determinación obvió el trámite apelativo y determinó presentar una Moción de relevo de sentencia conforme la Regla 49.2 con los mismos argumentos antes presentados mediante reconsideración. Es norma reiterada que la Moción de Relevo de Sentencia conforme la Regla 49.2 de Procedimiento Civil no se puede utilizar como sustituto del recurso de revisión. *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 327-328 (1997). En ausencia de una demostración con hechos concretos de que la apelante tiene una buena defensa en sus méritos y la carencia de alegaciones sobre el perjuicio, si alguno, que pueda ocasionar a la otra parte la concesión

---

[14] Es a través del apelado que obtenemos cierto detalle de la controversia que da base a la reclamación inicial y quien acompañó copia de la Demanda con su escrito.

del relevo de sentencia procede confirmemos la determinación del foro recurrido.

**IV**

Por los fundamentos antes expuestos, se expide el auto de *Certiorari* y se confirma la determinación del Tribunal de Primera Instancia.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones