Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>Apelado-Recurrido<br><br>v.<br><br>NÉLIDA REYES SALINAS, ET ALS<br><br>Apelante-Peticionarios | KLCE202300564 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil núm.: FA2022CV00241<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
| --- | --- | --- |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante este tribunal apelativo la Sra. Nélida Reyes Salinas (la señora Reyes Salinas o la peticionaria) mediante el recurso de *Apelación* de epígrafe solicitándonos que revoquemos la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (el TPI), el 7 de marzo de 2023, notificada el 13 del mismo mes y año. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de nulidad de sentencia presentada por la peticionaria.

El escrito de *Apelación* se acogió como uno de *Certiorari* por ser el recurso adecuado para revisar la determinación impugnada.[1]

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto solicitado.

### I.

El caso ante nuestra consideración tiene su génesis el 10 de marzo de 2022 cuando el Banco Popular de Puerto Rico presentó una demanda sobre cobro de dinero y ejecución de hipoteca en

---

[1] Véase nuestra Resolución del 17 de mayo de 2023.

contra de los miembros de la Sucesión de Juan Beltrán Sáez. El 1 de julio de 2022 el TPI dictó una *Sentencia* en rebeldía declarando con lugar la demanda. El dictamen se notificó por edicto el 5 de julio siguiente.

Posteriormente, el Banco Popular solicitó la ejecución de la hipoteca y su sustitución por el nuevo acreedor, Federal National Mortgage Association t/c/c Fannie Mae. El 22 de agosto de 2022 el TPI dictó una Orden declarando con lugar el pedido.

La subasta de la propiedad se llevó a cabo el 7 de febrero de 2023 y fue adjudicada a RR Homes, Inc. El 10 de febrero de 2023 el TPI emitió una orden de lanzamiento. La *Orden de Confirmación de Adjudicación o Venta Judicial* se emitió el 13 de febrero de 2023. El 17 de febrero siguiente, la peticionaria presentó una moción solicitando la paralización de los procedimientos. El 21 de febrero posterior la señora Reyes Salinas presentó una moción intitulada *Moción urgente en solicitud de nulidad de emplazamiento y que se dejen sin efecto sentencia, subasta y desahucio por falta de jurisdicción.* El recurrido presentó su oposición en la cual adujo, entre otros asuntos, que la solicitud de relevo de sentencia se presentó transcurrido el término de seis (6) meses dispuestos en la Regla 49.2 de las de Procedimiento Civil.

El 7 de marzo de 2023, notificada el 13 del mismo mes y año, el TPI dictó una Orden declarando no ha lugar a la solicitud de nulidad instada por la peticionaria. Inconforme, esta solicitó la reconsideración del dictamen. El 11 de abril fue denegado el petitorio.

Aún insatisfecha con el dictamen, la peticionaria acude ante este foro intermedio mediante el recurso de *certiorari* que nos ocupa imputándole al foro primario haber incurrido en los siguientes errores:

ERRÓ EL HONORABLE TRIBUNAL AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN PARA QUE SE REVOQUE LA SENTENCIA DICTADA EN EL CASO DE EJECUCIÓN DE HIPOTECA POR FALTA DE NOTIFICACIÓN ADECUADA A LAS PARTES.

ERRÓ EL HONORABLE TRIBUNAL AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN PARA QUE SE ANULE LA SENTENCIA DICTADA EN EL CASO DE EJECUCIÓN DE HIPOTECA POR FALTA DE PARTE INDISPENSABLE.

El 17 de mayo de 2023 emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) días para expresarse. El 30 de mayo siguiente se cumplió con lo ordenado, por lo que nos damos por cumplidos y decretamos perfeccionado el recurso de epígrafe.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* es el mecanismo para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Ello limitado a las instancias en la norma enumeradas. No obstante, dicha regla no es extensiva a asuntos post sentencia, toda vez que el único recurso disponible para revisar cualquier determinación posterior a dictarse una sentencia es el *certiorari*. De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, inevitablemente quedarían sin posibilidad alguna de revisión apelativa.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari,* en el que se recurre de alguna determinación post sentencia, debemos acudir a lo dispuesto por la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Al determinar la expedición de un auto de *certiorari* o

de una orden de mostrar causa, el tribunal tomará en consideración los siguientes criterios dispuestos en la referida norma:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari*. *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan. *I.G. Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Así, pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd.*

De otra parte, en nuestro derecho procesal civil existe el relevo de sentencia o el remedio de reapertura como mecanismo post sentencia que capacita al juzgador a eliminar o modificar su dictamen, en aras de hacer justicia.[2] Como se sabe, la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es la que regula dicho remedio y faculta a los tribunales a dejar sin efecto alguna sentencia u orden suya siempre y cuando exista causa justificada y la moción se haya presentado dentro de los seis (6) meses de haberse notificado la decisión en cuestión.[3] *Piazza v. Isla del Río, Inc.,* supra.

Ahora bien, reiteradamente se ha establecido que el remedio de reapertura *no es una llave maestra para reabrir a capricho el pleito ya adjudicado. Íd.* Por lo que debemos enfatizar que, aunque la reapertura existe en bien de la justicia, esta no constituye una facultad judicial absoluta, toda vez que a este mecanismo procesal se le contrapone la finalidad fundamental de certeza y estabilidad en los procedimientos judiciales; así como la rápida adjudicación de las controversias. *Íd.* Consecuentemente, les corresponde a los tribunales establecer un balance adecuado entre ambos intereses. *Íd.*; *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457-458 (1974). En otras palabras, aunque la Regla 49.2 de las de Procedimiento Civil de Puerto Rico de 2009, *supra,* debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses que hay que balancear. *Piazza v. Isla del Río, Inc.,* supra, *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 818 (1986).

Por otro lado, además del remedio de reapertura antes discutido, la Regla 49.2 de las de Procedimiento Civil de Puerto Rico de 2009, *supra,* provee un segundo remedio procesal, a saber, la

---

[2] Véanse, *Piazza v. Isla del Río, Inc.,* 158 DPR 440 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905-906 (1963).

[3] Recordemos que, transcurrido el plazo de 6 meses, el TPI estará impedido de adjudicar la solicitud de relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010).

presentación de un pleito independiente, el cual está predicado en la justicia fundamental de la reclamación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Publicaciones JTS, 2011, T. IV, a la pág. 1404. Claro está, este estaría disponible en las instancias en que hayan transcurrido los 6 meses fijados por la regla y la parte perjudicada cuenta con una de las siguientes defensas: (1) nulidad de sentencia, (2) que el dictamen fue obtenido mediante fraude, error o accidente, o (3) que esta se ha visto impedida de presentar sus defensas por maquinaciones y falsedades de otra parte, siempre y cuando esta haya tramitado su caso diligentemente. *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

**III.**

En esencia, la peticionaria arguyó que el foro primario erró al denegar su solicitud de nulidad de sentencia debido a una alegada falta de parte indispensable y error en el emplazamiento.

Examinada la petición *de Certiorari* al palio de la Regla 40 de nuestro Reglamento, antes citada, y analizados los planteamientos esbozados por la peticionaria, resolvemos que no están presentes los criterios necesarios para intervenir con la determinación recurrida. Al respecto, precisa puntualizar que la interferencia de este foro con el ejercicio de la facultad discrecional de los tribunales de primera instancia solo procede en situaciones en las que se demuestre que este: "(1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Así, ha reiterado el Tribunal Supremo que "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

Por su parte, destacamos que en el caso de autos la *Sentencia* se dictó el 1 de julio de 2022, archivada en autos el 5 de julio siguiente. La Regla 49.2 de las de Procedimiento Civil de Puerto Rico de 2009, *supra*, dispone diáfanamente que la parte afectada cuenta con el término máximo de seis (6) meses desde que es registrada la sentencia para presentar una moción de esta naturaleza. Al haber transcurrido en exceso del plazo fatal, dispuesto en la antedicha norma procesal, el foro primario estaba impedido de considerarla dentro del caso. Enfatizamos que esta determinación no tiene el alcance de prejuzgar los méritos de la moción instada por la señora Reyes Salinas.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones