ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUIS ORLANDO DÁVILA RIVERA, Peticionaria, v. DESSIE ANN RIVERA NAVARRO, Recurrida. | KLCE202400846 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina. Civil núm.: CA2022CV00950. Sobre: liquidación de comunidad de bienes. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El señor Luis Orlando Dávila Rivera (señor Dávila Rivera) nos solicita la revisión de la *Resolución*[1] emitida el 4 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina, que declaró sin lugar su solicitud de relevo de sentencia por nulidad. Ello, al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V.

Examinada la petición de *certiorari* presentada el 1 de agosto de 2024, sus anejos, así como la oposición de la parte recurrida, la señora Dessie Ann Rivera Navarro (señora Rivera Navarro), este Tribunal **expide el auto y confirma** la *Resolución* emitida por el foro recurrido.

I

En síntesis, la controversia entre las partes litigantes gira en torno a una vivienda que el señor Dávila Rivera y la señora Rivera Navarro adquirieron durante su matrimonio, contraído bajo el régimen económico de la sociedad legal de bienes gananciales. De los hechos estipulados, desglosados en la *Sentencia*[2] dictada el 20 de junio de 2023, y pertinentes a este asunto, destacamos que las partes se casaron el 27 de octubre de

---

[1] *Véase*, apéndice del recurso, a la pág. 122.

[2] *Íd.*, a las págs. 39-42.

1989, y procrearon dos (2) hijos; Luis A. (nacido el 28 de agosto de 1994) y Desslie A. (nacida el 23 de mayo de 1990, y descrita como una persona con discapacidad física y mental). El 27 de diciembre de 2004, y vigente el matrimonio, las partes constituyeron una hipoteca sobre la vivienda familiar. Ambos comenzaron a pagarla en febrero de 2005.

Posteriormente, el matrimonio culminó mediante sentencia de divorcio dictada el 16 de enero de 2009, y notificada el 22 de enero de 2009[3]. Las partes designaron como hogar seguro el inmueble de origen ganancial[4] a favor de la menor Desslie A. Los pagos de la hipoteca fueron asumidos en su totalidad por la recurrida desde el 2009, hasta culminar la obligación. El 7 de junio de 2019, la joven Desslie A. falleció.

El **25 de marzo de 2022**, el peticionario demandó a la recurrida para solicitar la liquidación de la comunidad post ganancial[5].

El **20 de junio de 2023**, luego de celebrado el juicio en su fondo, el tribunal emitió su *Sentencia*. En ella, adjudicó la propiedad inmueble a la recurrida y determinó la existencia de un crédito a su favor[6]. En la actualidad, la señora Rivera Navarro y el hijo de ambos viven en la propiedad.

El señor Dávila Rivera **no apeló** la *Sentencia* dictada el **20 de junio de 2023**, por lo que esta advino final y firme. No obstante, inconforme con la *Sentencia*, el **20 de diciembre de 2023**, el señor Dávila Rivera presentó una solicitud para el relevo de la sentencia por su presunta nulidad; ello, al amparo de la Regla 49.2(d) de Procedimiento Civil, 32 LPRA Ap. V. Adujo que: "Determinar que la Parte Demandante autorizó tácitamente a la Parte Demandada a vivir en la propiedad de manera exclusiva al haber acordado

---

[3] *Véase*, apéndice del recurso, a la pág. 36.

[4] La residencia ubica en la Calle Yunquesito FF-16, Mansiones de Carolina, Carolina, Puerto Rico.

[5] *Véase*, apéndice del recurso, a las págs. 1-2.

[6] *Íd.*, a la pág. 52. A continuación citamos la nota al calce núm. 4 de la *Sentencia* relacionada al desglose de las cuantías determinadas por el Tribunal de Primera Instancia: "Se tomó en consideración el valor de la propiedad, se dividió entre dos, y a la cantidad correspondiente al demandante se le restó el crédito adjudicado a favor de la parte demandada. $159,000 ÷ 2: $79,500-$81,926.84 = -$2,426.84."

que la propiedad objeto de litigio fuera hogar seguro en beneficio de su hija menor incapacitada es contrario a derecho de acuerdo con lo dispuesto en la jurisprudencia en cuanto a la figura del Derecho a Hogar Seguro".

El 17 de enero de 2024, la señora Rivera Navarro presentó su *Moción en cumplimiento de orden* en la que planteó la falta de jurisdicción del foro primario para atender la solicitud para el relevo de la sentencia. Sostuvo que el término de 180 días, computado a partir de la fecha en que se haya registrado la sentencia o notificación de la resolución u orden para presentar una moción conforme a la Regla 49.2, era uno fatal[7]; es decir, que, transcurrido el término de 180 días, el tribunal perdía su autoridad para examinar el asunto. En este caso, el peticionario presentó su solicitud 183 días luego de haberse notificado la sentencia. El foro primario otorgó la razón a la recurrida el 22 de enero de 2024, y lo notificó al día siguiente[8].

Inconforme, el señor Dávila Rivera presentó un recurso de *certiorari* ante este Tribunal de Apelaciones el 20 de febrero de 2024, y planteó la comisión de dos errores[9]. El primero[10] fue atendido y resuelto por este mismo panel el 14 de marzo de 2024. Este foro intermedio resolvió a favor del peticionario, pues concluyó que el término de 180 días no era uno fatal por lo que ordenó que el asunto fuera devuelto al foro primario para su atención. El segundo error no fue atendido, pues conllevaba entrar en los méritos de un asunto para el que carecíamos de jurisdicción.

Recibido el mandato, el foro primario atendió la solicitud del señor Dávila Rivera y la declaró sin lugar el 4 de junio de 2024. Posteriormente, el peticionario solicitó reconsideración, a la que se opuso la señora Rivera

---

[7] *Véase*, apéndice del recurso, a las págs. 65-66.

[8] *Íd.*, a las págs. 72-73.

[9] A ese recurso se le asignó el alfanumérico KLCE202400211.

[10] *Véase*, apéndice del recurso, a la pág. 83. El primer error apuntado leía: "Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al resolver mediante Resolución que la Moción de Relevo de Sentencia por Nulidad fue presentada expirado el término de seis (6) meses, computado desde Registrada la Sentencia, o sea desde el 21 de junio de 2023, y que, por ello, este carecía de jurisdicción".

Navarro; finalmente, la reconsideración fue declarada sin lugar el 2 de julio de 2024, notificada al día siguiente[11].

El 1 de agosto de 2024, el señor Dávila Rivera presentó este nuevo recurso. En él, reprodujo el segundo error que ya había planteado ante nos, pero que no fue atendido en el recurso previo; a decir:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina, al interpretar y concluir en su sentencia que debido a que la Parte Peticionaria acordó constituir hogar seguro en beneficio de su hija incapacitada física y mentalmente hubo un consentimiento tácito a que la recurrida viviera la propiedad de manera exclusiva, y como consecuencia adjudicarle la propiedad totalmente, perdiendo el peticionario su derecho propietario sin el Debido Proceso de Ley declarando No ha Lugar la Moción de Relevo de Sentencia por Nulidad.[12]

El 26 de agosto de 2024, la señora Rivera Navarro presentó su oposición a la expedición del recurso. En lo que nos concierne, su planteamiento fundamental fue a los efectos de que lo que pretendía el peticionario era valerse de lo dispuesto en la Regla 49.2 de Procedimiento Civil, ante su falta de revisión de la *Sentencia* dictada.

Evaluados los argumentos de las partes litigantes, resolvemos.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal

---

[11] *Véase*, apéndice del recurso, a la pág. 135.

[12] *Véase*, recurso de *certiorari* presentado el 1 de agosto de 2024, a la pág. 7.

establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghiglotty*, 175 DPR 83, 97 (2008).

B

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, establece el mecanismo procesal que tiene disponible una parte para solicitarle al foro primario el relevo de los efectos de una sentencia, cuando esté presente alguno de los fundamentos allí expuestos. *Náter v. Ramos*, 162 DPR 616, 624 (2004). Su propósito principal es impedir que se vean frustrados los

fines de la justicia, mediante tecnicismos y sofisticaciones. *Íd.*; véase, además, *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977).

Quede claro, sin embargo, que esta Regla "no es una llave maestra para reabrir a capricho el pleito ya adjudicado" y echar a un lado la sentencia dictada correctamente. *Íd.*, citando a *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974). Por el contrario, le corresponde al tribunal hacer un balance entre dos intereses en conflicto, a decir: de una parte, que toda litigación sea concluida y tenga finalidad; y, de otra parte, que en todo caso se haga justicia. *Náter v. Ramos*, 162 DPR, a la pág. 624; véase, además, *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010).

Dicho esto, el Tribunal Supremo de Puerto Rico ha recalcado que, cuando un tribunal examina una solicitud de relevo de sentencia al amparo de la Regla 49.2, tiene que considerar ciertos criterios para salvaguardar los derechos de las partes involucradas en el litigio. En primer lugar, el juzgador deberá estar atento a la existencia de una defensa válida que oponer a la reclamación del peticionario; de otra parte, tomará en consideración el tiempo que media entre la sentencia y la solicitud de relevo. Además, auscultará el perjuicio que sufriría la parte contraria si se concede el relevo de la sentencia y el perjuicio que sufriría la parte promovente de no ser concedido el remedio solicitado. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998); véase, además, *Reyes v. E.L.A., et al.*, 155 DPR 799, 809-810 (2001).

**También, es indispensable que la parte que solicita el relevo de la sentencia aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo.** Por lo tanto, el promovente de la solicitud está obligado a justificar la misma amparándose en una de las causales establecidas en la Regla 49.2. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 540; *Reyes v. E.L.A., et al.*, 155 DPR, a la pág. 809. Dichas causales son: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial; (3) fraude, falsa representación u otra conducta impropia de una parte adversa; (4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella; y, (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 LPRA Ap. V.

Valga subrayar que, con excepción de los casos de nulidad de la sentencia o cuando esta haya sido satisfecha, el relevo a una parte de los efectos de una sentencia es una decisión discrecional. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 540; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 818 (1986); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974). De hecho, en el caso de una sentencia que haya sido dictada sin jurisdicción o, cuando al dictarla se ha quebrantado el debido proceso de ley, no hay margen de discreción y resulta mandatorio declarar su nulidad y dejarla sin efecto. *García Colón et al. v. Sucn. González*, 178 DPR, a las págs. 543-544.

Por ello, aun cuando el Tribunal Supremo ha reconocido que la Regla 49.2 debe ser interpretada de forma liberal[13], el interés de que los pleitos se vean en los méritos no puede bajo toda circunstancia prevalecer sobre los intereses, igualmente justos, de evitar la congestión en los calendarios, de que los casos se resuelvan con prontitud, se termine la incertidumbre y se eviten las demoras innecesarias en el trámite judicial, promoviendo la solución justa, rápida y económica de las controversias. *Pardo v. Sucn. Stella*, 145 DPR, a la pág. 825.

Por último, conviene recalcar que, en esta jurisdicción, la doctrina prevaleciente ha sido consecuente y enfática a los efectos de que la Regla 49.2 no sustituye, ni está disponible, para revisar una sentencia dictada válidamente. **Es decir, su función no es corregir errores de derecho, ni errores de apreciación o valoración de la prueba, pues estos son fundamentos para una reconsideración o para la apelación de la sentencia, no para el relevo de la misma.** *García Colón et al. v. Sucn.*

---

[13] El propio Tribunal Supremo nos ofrece un ejemplo de lo que constituye una "interpretación liberal" de la Regla 49.2, a decir: cuando se atienda una moción de reconsideración presentada fuera del término para considerarla, y se le resuelva cual si fuera una moción de relevo de sentencia. Claro está, la moción de reconsideración tardía tiene que aducir y cumplir estrictamente con los fundamentos contenidos en la Regla 49.2. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 541.

*González*, 178 DPR, a la pág. 543; citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4804, pág. 353.

III

El derecho que antecede demarca claramente las instancias en las que la Regla 49.2 de Procedimiento Civil puede ser invocada para el relevo de los efectos de una sentencia. La exposición del peticionario no logra establecer que la sentencia dictada por el Tribunal de Primera Instancia adolezca de nulidad. Los hechos probados en ese foro y estipulados por las partes apoyan la decisión dictada por el foro recurrido. Del mismo modo, ese foro atendió todos los asuntos traídos a su atención por las partes litigantes, incluido el planteamiento del peticionario sobre a quién se le adjudicaría la propiedad.

Al revisar el manejo procesal del caso por parte del peticionario, podemos apreciar que la presentación de una apelación oportuna resultaba el mecanismo válido para que este Tribunal atendiera la impugnación que hace de las determinaciones fundamentadas contenidas en la *Sentencia* dictada el 20 de junio de 2023. En su lugar, el señor Dávila Rivera optó por dejar transcurrir el término para presentar su apelación y, en su lugar, presentó una solicitud para que se dejara sin efecto la sentencia por razón de su presunta nulidad.

No obstante, como ha recalcado el Tribunal Supremo de Puerto Rico, la función de la Regla 49.2 de Procedimiento Civil no es corregir errores de derecho, ni errores de apreciación o valoración de la prueba, pues estos son fundamentos para una reconsideración o para la apelación de la sentencia, no para el relevo de la misma. *García Colón et al. v. Sucn. González*, 178 DPR, a la pág. 543.

El error apuntado por el peticionario es precisamente eso; un presunto error en la apreciación de la prueba realizada por el foro primario luego de celebrada una vista en su fondo. Aducir que ello constituye una violación al derecho a un debido procedimiento de ley que asiste al

peticionario y que, según él, justifica la nulidad de la sentencia resulta frívolo. No existe en el récord de este caso violación alguna a tal derecho. Por tanto, el mecanismo de la Regla 49.2 no está disponible para él.

El Tribunal de Primera Instancia actuó correctamente al denegar la solicitud de nulidad de sentencia presentada por el peticionario, por lo que el error apuntado no se cometió.

IV

Por los fundamentos expuestos, **expedimos el auto de certiorari y confirmamos** la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 2 de julio de 2023.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones