Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| PR RECOVERY AND DEVELOPMENT JV, LLC<br><br>Parte Recurrida<br><br>v.<br><br>JOSUÉ RIVERA VÉLEZ H/N/C BLACK DRAGON REST<br><br>Parte Peticionaria | TA2026CE00160 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Caso Núm. UT2019CV00536<br><br>Sobre: Cobro de Dinero – Regla 60 |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de marzo de 2026.

El 10 de febrero de 2026, el Sr. Josué Rivera Vélez (señor Rivera Vélez o peticionario) instó por derecho propio el presente recurso de *certiorari* en el que solicita la revisión de la *Resolución Interlocutoria* emitida el 4 de noviembre de 2025, con notificación enmendada de 26 de enero de 2026, por el Tribunal de Primera Instancia (TPI), Sala de Utuado. Mediante el dictamen, el TPI declaró *no ha lugar* una *Moción* en la que el peticionario solicitó el relevo de la sentencia emitida en el caso de epígrafe y la anulación de la orden de embargo basado en un reclamo de falta de notificación.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

### I.

El 18 de octubre de 2019, PR Recovery and Development JV, LLC (PR Recovery), instó una demanda sobre cobro de dinero al

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 2015 DPR ___ (2025).

amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra del señor Rivera Vélez. Según se alegó, el señor Rivera Vélez dejó de realizar los pagos acordados bajo cierto contrato de préstamo, adeudando la suma de $2,523.00 de principal e intereses, más la cantidad estipulada de $250.00 en concepto de gastos, costas y honorarios de abogado.[2]

La demanda se acompañó con la carta de cobro enviada por PR Recovery al señor Rivera Vélez y una declaración jurada suscrita por un agente autorizado de dicha empresa que expresa que el peticionario incumplió su obligación de pago.[3] Además, de conformidad con lo exigido por la Regla 60 de Procedimiento Civil, supra, PR Recovery presentó una notificación-citación dirigida al señor Rivera Vélez informándole la fecha señalada para la vista en su fondo. La notificación-citación se cursó por correo certificado a una de las direcciones suministradas en la demanda, a decir: Alturas de Roblegal #15 Utuado, PR 00641. La demandante PR Recovery incluyó con su demanda evidencia acreditativa del tracto y entrega postal de la notificación-citación.[4]

No obstante, a la vista en su fondo celebrada el 2 de diciembre de 2019, únicamente compareció la representación legal de PR Recovery, quien, ante la incomparecencia del señor Rivera Vélez, solicitó que se le anotara la rebeldía y se dictara sentencia de conformidad.[5]

El 3 de febrero de 2020, el TPI dictó Sentencia en rebeldía, mediante la cual declaró ha lugar a la demanda y condenó al señor Rivera Vélez al pago de la suma de $2,523.00 de principal, más intereses legales computados al 6.50 por ciento, desde que se dictó

---

[2] Véase, expediente electrónico del Sistema Unificado de manejo y Administración de Casos (SUMAC) en el caso UT2019CV00536, *Demanda*, entrada 1.
[3] *Íd.,* Anejos IV y V de la *Demanda,* entrada 1. La carta de cobro fue dirigida al señor Rivera Vélez por correo certificado al PO Box 1621 Morovis PR 00687-1621.
[4] *Íd.,* Notificación y citación sobre cobro de dinero, entradas 2-5.
[5] *Íd., Minuta,* entrada 5.

la sentencia hasta que se realice el pago del principal. La referida sentencia fue notificada el 5 de febrero de 2020, mediante correo regular al señor Rivera Vélez a otra de las direcciones suministradas en la demanda: PO Box 1621 Morovis, PR 00687-1621.[6]

El 20 de diciembre de 2022, PR Recovery presentó una moción en la que solicitó la ejecución de la sentencia mediante el embargo de bienes muebles e inmuebles que fueran propiedad del peticionario.[7] De conformidad con ello, el 10 de febrero de 2023, el TPI declaró ha lugar esta solicitud y expidió una orden y un mandamiento de embargo por la cantidad determinada en la sentencia.[8]

Posteriormente, según surge del expediente electrónico del caso, el 11 de junio de 2025, el señor Rivera Vélez radicó una *Solicitud de Servicios de Documentos* relativos al pleito. En dicha solicitud de documentos, consignó su correo electrónico e informó que su dirección ubica en la Urb. Russe Calle Violeta #33, Morovis PR 00687.[9]

Poco después, el 17 de julio de 2025, se diligenció el mandamiento de embargo en una institución bancaria en la que el peticionario tiene una cuenta.[10]

El 4 de noviembre de 2025, el señor Vélez Rivera compareció por primera vez al pleito y solicitó el relevo de la sentencia dictada y la anulación del embargo. Expresó que nunca fue notificado del pleito en su contra hasta que se le embargó su cuenta de banco. En la *Moción* radicada a tales efectos, el señor Rivera Vélez suplió la dirección de correo electrónico y postal esbozadas en la *Solicitud de Servicios de Documentos*. [11]

---

[6] *Íd., Sentencia* y notificación, entrada 6.
[7] *Íd., Solicitud de Ejecución de Sentencia*, Entrada 7.
[8] *Íd.,* Orden y Mandamiento de Embargo, entradas 8-10. El TPI notificó la orden únicamente al representante legal de PR Recovery.
[9] *Íd., Solicitud de Servicios de Documentos,* entrada 16.
[10] *Íd.,* Mandamiento de embargo diligenciado, entrada 18.
[11] *Íd., Moción,* entrada 19.

Evaluada la moción de relevo, el 4 de noviembre de 2025, el TPI dictó la Resolución Interlocutoria objeto del presente recurso. En ella, declaró no ha lugar a lo solicitado y dispuso que: "Surge del expediente que la Parte Demandada fue debidamente notificada. Véase las entradas 3 y 4 del expediente del SUMAC".[12] La notificación original del 5 de noviembre de 2025, se envió solamente a la representación legal de PR Recovery. Por ello, el 26 de enero de 2026, se emitió una notificación enmendada, a los efectos de remitir el dictamen, además, al señor Rivera Vélez, al correo electrónico suplido y a la dirección localizada en la Urb. Russe Calle Violeta #33, Morovis PR 00687.[13]

Inconforme con lo resuelto por el foro primario, el 10 de febrero de 2026, el señor Rivera Vélez instó el presente recurso de *certiorari*. Sostuvo que erró el TPI al denegar el relevo de la sentencia a pesar de que nunca fue notificado de la demanda en su contra.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[14]

Para determinar si procede la expedición de un auto de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones.[15]

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones,

---

[12] *Íd., Resolución Interlocutoria*, entrada 20.
[13] *Íd.*
[14] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[15] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra.

*supra*, establece que este foro apelativo intermedio tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[16] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un procedimiento sencillo con el fin de "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de

---

[16] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

reclamación".[17] Por ello, en una acción presentada en virtud de la Regla 60, *supra,* las demás Reglas de Procedimiento Civil aplicarán de forma supletoria, siempre que no resulten incompatibles con el carácter sumario de este tipo de procedimiento.[18]

La notificación al demandado bajo la Regla 60, *supra,* se hace a través de una notificación-citación. La parte demandante debe presentar un proyecto de notificación- citación, que la Secretaría del tribunal expedirá inmediatamente indicando la fecha de la celebración de la vista en su fondo. La responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante, quien realizará el diligenciamiento mediante entrega personal conforme a lo dispuesto en la Regla 4 de Procedimiento Civil (32 LPRA Ap. V, R. 4), o por correo certificado.[19] Claro está, para que el tribunal pueda expedir la notificación-citación, el demandante tiene que suministrar la dirección del demandado.[20]

Ahora bien, no importa cuál de las dos opciones para notificar al demandado prefiera el demandante, lo importante es que la notificación-citación sea diligenciada dentro de los diez (10) días de presentada la demanda y se presente copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible.[21]

En lo pertinente al asunto ante nuestra consideración, en caso de que la parte demandada no compareciera a la vista, el tribunal se asegurará que en la notificación-citación conste el nombre del deudor y la última dirección conocida. Esa información se corrobora con los hechos formulados en la primera alegación y con la prueba o el documento, si alguno, anejado a la demanda. El tribunal también verificará que la notificación-citación advierta al

---

[17] *Asoc. Res. Colinas Metro v. S.L.G.*, 156 DPR 88, 97 (2002).
[18] *Íd.*, pág. 98.
[19] *Cooperativa v. Hernández Hernández,* 205 DPR 624, 634-635 (2020).
[20] *Asoc. Res. Colinas Metro v. S.L.G.*, supra, pág. 98.
[21] *Cooperativa v. Hernández Hernández,* supra, pág. 635.

promovido que durante la vista este "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra".[22]

A su vez, para que un tribunal pueda dictar sentencia en rebeldía, tiene que no solo cerciorarse que el demandado fue debidamente notificado y citado, sino también asegurarse, a base de la prueba aportada por el demandante, que este tiene una reclamación en cobro de dinero contra el demandado que es líquida y exigible. El tribunal no puede descansar en las alegaciones de la demanda, aunque estas contengan hechos específicos y detallados sobre el particular.[23]

Finalmente, la Regla 60, *supra,* impone que "una vez superados estos aspectos de notificación y cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y distará sentencia inmediatamente".[24]

### C.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que permite al tribunal relevar a una parte de una sentencia, orden o procedimiento, cuando esté presente alguna de las causales que dispone la citada regla.[25]

Específicamente, la regla dispone que, mediante una moción a esos efectos, el tribunal podrá relevar a una parte de una sentencia cuando ocurra alguna de las siguientes razones: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil; (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también

---

[22] *Íd.,* págs. 635-636.
[23] *Asoc. Res. Colinas Metro v. S.L.G.*, supra, págs. 99-100.
[24] Citado en *Cooperativa v. Hernández Hernández,* supra, pág. 636.
[25] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 657 (2021).

llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[26]

El foro judicial tiene la discreción de sopesar los factores de la precitada regla y determinar si procede relevar a una parte de los efectos de una sentencia, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha.[27] Cuando se trata de una sentencia nula no hay margen de discreción. Ésta tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o reclamación del perjudicado.[28] En los demás casos, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Como regla general, la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura.[29]

A su vez, como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. Así que, si una

---

[26] Regla 49.2 de Procedimiento Civil, *supra.* La Regla 49.2 de Procedimiento Civil, *supra*, establece que sus disposiciones no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d). La limitación obedece a razones de orden público, ya que con el divorcio surge un nuevo estado civil y, al mismo tiempo, permite a las partes crear otro, por lo que es necesario salvaguardar los dictámenes judiciales en los que se decreta la disolución del vínculo matrimonial. *Náter v. Ramos,* 162 DPR 616, 625 (2004).

[27] *Pérez Ríos et al. v. CPE,* 213 DPR 203, 2015 (2023); *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010).

[28] *García Colón et al. v. Sucn. González,* supra, págs. 543-544.

[29] *Íd.,* págs. 540-541.

sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses.[30]

Por otro lado, no es mandatorio celebrar una vista cuando una parte invoca la Regla 49.2 de Procedimiento Civil, *supra.* El Tribunal Supremo ha expresado que requerir la celebración de una vista en todo caso en que se invoque un relevo, sería contraproducente a la norma cardinal procesal de que los litigios deben resolverse de la forma más rápida, económica y justa para las partes. Ello, especialmente si de la faz de la moción resulta evidente la carencia de méritos. En armonía con ello, la celebración de una vista es obligada cuando la parte invoca "razones válidas que requieran la presentación de prueba para sustanciarlas"[31]. Es decir, que el tribunal viene obligado a celebrar una vista solamente en aquellas circunstancias en que la parte promovente del relevo necesita presentar prueba para sustanciar lo alegado en la solicitud, a saber, las razones o fundamentos invocados en apoyo al relevo solicitado.[32]

En casos en donde se dicta sentencia en rebeldía o por incomparecencia de la parte promovente del relevo, se requiere alegar o demostrar que se tiene una defensa válida que oponer a la reclamación de la otra parte.[33]

**III.**

Según se desprende del trámite registrado en el expediente electrónico del presente caso, la notificación-citación y posteriores notificaciones fueron cursadas a las direcciones suministradas en la demanda. No surge que la notificación-citación y las posteriores notificaciones cursadas al señor Rivera Vélez hubiesen sido devueltas por el correo postal.

---

[30] *HRS Erase v. CMT,* 205 DPR 689, 698-699 (2020); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra.

[31] *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977).

[32] *Íd.*

[33] *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 300 (1989).

Conforme la normativa jurídica citada, la notificación-citación es suficiente si se realiza a la última dirección conocida del demandado por *correo regular sin que haya sido devuelta*. De igual forma, según la Regla 65.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R.65.3, la notificación de una sentencia a partes en rebeldía que nunca comparecieron al pleito se notificará por correo a la última dirección conocida.    En el presente caso, la documentación corrobora que PR Recovery satisfizo el deber que le impone la Regla 60 de Procedimiento Civil, *supra.*

Así pues, tras analizar la petición y los documentos presentados, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, concluimos que la determinación impugnada no denota un abuso de discreción por parte del tribunal primario. Tampoco se desprende que el dictamen recurrido sea irrazonable, arbitrario, muestre elementos de prejuicio o denote error en la aplicación de una norma jurídica. Mucho menos, se demostró que estemos ante una situación en la que, al expedir el auto de *certiorari*, evitaría un grave perjuicio o un craso fracaso de la justicia.

Así pues, el peticionario no ha acreditado ninguna de las instancias detalladas en la Regla 40 de nuestro Reglamento, *supra*, que justifique acceder a lo que solicita, por lo que resolvemos abstenernos de intervenir con el dictamen recurrido.

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones